# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00704-SCT

*BRUCE BENSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/31/2000 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHOKWE LUMUMBA |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | DUNNICA O. LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 7/18/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/8/2002 |

**BEFORE SMITH, P.J., DIAZ AND EASLEY, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. On September 24, 1993, Bruce Benson was tried and convicted by a jury, in the Circuit Court of Lincoln County, the Honorable Keith Starrett presiding, for the sale of cocaine. Benson was given a fifteen-year sentence in the custody of the Mississippi Department of Corrections. The conviction was appealed to the Mississippi Court of Appeals and affirmed on November 25, 1995. ***Benson v. State***, No. 93-KA-01262-COA (opinion not designated for publication). On November 24, 1998, this Court granted Benson's Application for Leave to File Post Conviction Motion, and on December 15, 1998, Benson filed for post-conviction relief. Hearings were held in the trial court on the petition for post-conviction relief on May 24, 1999, November 22, 1999, and December 20, 1999. Benson's motion for post-conviction relief was denied by order dated March 31, 2000. On appeal, Benson now asks that this Court consider the following issues:

>    **I. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO REQUEST A COMPETENCY HEARING.**

>    **II. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY**

**HIS TRIAL COUNSEL'S FAILURE TO CHALLENGE THE USE OF THE AUDIO TAPE RECORDING.**

**III. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S LACK OF PREPARATION.**

## FACTS

¶2. On May 17, 1993, Anthony Lloyd, a confidential informant, met with two officers with the Brookhaven Police Department, Craig Oster and Clint Earls. Lloyd agreed to bait Benson into selling him drugs. Lloyd wore a microphone and went to Benson's house where he was able to buy cocaine from Benson under the audio surveillance of Oster and Earls. The drug transaction was recorded on audio tape. At trial, Officer Oster, Officer Earls, the informant, and Charles Terry of the Mississippi Crime Laboratory testified for the State. The audio tape was played before the jury. Benson's voice was identified on tape, and Benson, who testified on his own behalf, stated that it was possible that the audio recording was his voice. Benson was found guilty.

¶3. On direct appeal, Benson raised two issues before the Mississippi Court of Appeals. First, he argued that Oster's testimony about what he heard on the audio tape was hearsay. Second, he argued that the trial court erred in restricting the cross examination of Lloyd as to Lloyd's prior convictions. Benson's conviction and sentence were affirmed.

¶4. Benson was granted a hearing on his motion for post-conviction relief. In a hearing on May 24, 1999, Benson argued about the legality of the audio surveillance under Miss. Code Ann. § 41-29-525 (2001). The trial court found that the statute relied upon by Benson was not applicable to the facts of this case. On November 22, 1999, a hearing was held on Benson's claims of ineffective assistance of counsel. The trial court heard testimony from a psychiatrist, Dr. Richard Roden, Benson's mother, Mae Benson, and Benson's trial attorney, Durwood Breeland. The trial court found that there was no ineffective assistance of counsel.

## DISCUSSION

¶5. To establish a claim for ineffective assistance of counsel the defendant must prove that under the totality of the circumstances (1) the counsel's performance was deficient and (2) the deficient performance deprived the defendant of a fair trial. *Hiter v. State*, 660 So.2d 961, 965 (Miss.1995) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

### I. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO REQUEST A COMPETENCY HEARING.

¶6. Benson argues that his trial counsel was ineffective for failing to request a competency hearing. It is undisputed that Benson has suffered significant mental problems for several years. His primary diagnosis is paranoid schizophrenia. Benson was able to establish these medical conditions at the hearing on his petition for post-conviction relief. Furthermore, Breeland, Benson's trial counsel, testified that he had known Benson for a number of years and was familiar with his mental problems. However, the trial court found that Benson failed to meet his burden of proof in establishing that he did not know "right from wrong" at the time of the alleged offense. The trial court concluded that Benson had not met his burden of proof for establishing that he was criminally insane or that he was not competent to stand trial.

¶7. At the hearing Dr. Roden testified that schizophrenia was a treatable illness and that with proper medication, a person with this illness could function properly at work and at home. Dr. Roden testified that merely having the condition did not mean one could not distinguish right from wrong. In addition, Breeland testified at the hearing that he was Benson's trial counsel and that based upon his communications with Benson, he had no reason to think Benson would be incompetent to stand trial.

¶8. Breeland testified that he advised Benson not to testify because the jury would have the opportunity to recognize Benson's voice. Nevertheless, Benson refused Breeland's advice. Breeland also testified that Benson told him that he did not remember what happened on May 17, 1993, the day he sold cocaine to Lloyd.

¶9. The issue of whether a trial court erred by failing to order a competency hearing sua sponte has been considered by this Court in *Richardson v. State*, 722 So. 2d 481 (Miss. 1998). In that case, Richardson's attorney told the trial court that he was able to effectively communicate with his client. There was no evidence "that Richardson suffered from irrational behavior or incompetence to a degree that would affect his right to a fair and just trial." *Id.* at 487. The failure to hold a competency hearing in that case was not error.

¶10. In *Conner v. State*, 632 So. 2d 1239 (Miss. 1993), *overruled on other grounds*, *Weatherspoon v. State*, 732 So. 2d 158 (Miss. 1999), this Court found that Conner suffered from schizophrenia, had a low intellectual capacity, and recalled no facts about the charges against him. Nevertheless, he was competent to stand trial. 632 So.2d at 1251. This was due to Conner's apparent ability to understand the proceedings of the case, to appreciate the significance of the proceedings, and to aid his attorney in his defense. *Id.*

¶11. In the instant case, there is no evidence in the record indicating that Benson had no understanding of the nature and significance of the proceedings against him and that he could not rationally assist his trial counsel in his defense. The only arguments used to support this claim is that the trial counsel knew of Benson's psychological problems and let him stand trial and testify as to the audio tape. Benson merely states that, based on those arguments, the trial counsel should have requested a competency hearing. There is simply no showing that Benson's trial counsel's failure to raise the issue of Benson's competency constituted ineffective assistance of counsel.

### II. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO CHALLENGE THE USE OF THE ENTIRE AUDIO TAPE RECORDING.

¶12. Breeland testified at the hearing that he did not pursue an illegal search and seizure challenge during the trial because the State had testimony from two eyewitnesses and a confidential informant, as well as a tape recording of a voice identified as Benson's during the cocaine sale. Furthermore, Breeland testified that Benson stated he did not remember anything that day, so there was no means to pursue a search and seizure challenge.

¶13. Benson argues that Breeland should have objected to the use of the audio recording as a violation of Miss. Code Ann. § 41-29-503 (2001) and as a violation of the Fourth Amendment. Benson contends that he had a reasonable expectation of privacy in his conversation with Lloyd. Furthermore, Benson argues that

the officers were not Bureau of Narcotics agents and were not permitted to electronically intercept conversations, although Officer Oster was a contract agent of the Bureau of Narcotics. At the hearing on this issue, the trial judge found that under these facts the conversation was not one in which Benson had an expectation of privacy. Benson was monitored electronically while Benson sold cocaine to an informant.

¶14. We conclude that Benson has not shown how Breeland's failure to challenge the use of the audio tape recording constitutes ineffective assistance of counsel. Furthermore, this issue was capable of being raised during the trial or on appeal. This issue is without merit.

### III. WHETHER BENSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S LACK OF PREPARATION.

¶15. Benson argues that his trial counsel had only 14 days to prepare for trial and that in a motion for continuance his trial counsel had argued that he had ten other criminal cases at the time. Benson also argues that his appellate counsel was ineffective by not raising the issue of his trial counsel's ineffective assistance of counsel and by only raising two issues and not filing a rebuttal brief. Benson's trial counsel testified at the hearing that he did have adequate time to prepare for Benson's case because there were only a few witnesses. Specifically, Benson's trial counsel stated that there were three witnesses for the State "and against my wishes, my client, were the four witnesses, It wasn't particularly complex. No. I wouldn't say that 14 days is long enough to - hopefully, you would have long enough to prepare for any trial."

¶16. An allegation of ineffective assistance of counsel for failure to properly prepare must state whether any additional investigation, such as interviewing witnesses or investigating facts, would have significantly aided or altered the outcome of the defendant's case at trial. *Brown v. State*, 798 So. 2d 481, 494, 496. (Miss. 2001); *Mohr v. State*, 584 So.2d 426, 430 (Miss.1991). Based on a review of the record and of the facts of this case, there is no support for Benson's claim that his trial counsel was not adequately prepared and that any additional investigation would have altered the outcome of the case. This issue is without merit.

### CONCLUSION

¶17. Benson's allegations that his trial counsel was deficient in performance at Benson's trial are not supported by the record. There is no evidence that Benson's trial counsel was deficient, and there is certainly no evidence that any deficiency by Benson's trial counsel would have altered the outcome of the trial. Therefore, the trial court's judgment denying post-conviction relief is affirmed.

¶18. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**