915 So.2d 511 (2005)
Christopher A. JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02092-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*512 Christopher A. Jones, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Christopher Jones pleaded guilty to burglary and armed robbery in December 2003, and was subsequently sentenced to a total of ten years in the custody of the Mississippi Department of Corrections.[1] In July 2004, Jones filed a motion for post-conviction relief, which the court below denied.
¶ 2. Feeling aggrieved, Jones appeals and alleges that the court erred because (1) there is newly discovered evidence showing that Jones's codefendants recanted their testimony; (2) there was a miscarriage of justice resulting from police officers' and the state's attorney's knowing use of false evidence to obtain the indictment; (3) the ineffective assistance of his counsel deprived him of adequate representation as guaranteed by the Sixth Amendment to the United States Constitution; (4) the trial judge violated Jones's constitutional rights when she denied him the opportunity to hire new counsel; and *513 (5) his plea was involuntary and unknowing because counsel confronted him with an incriminating statement by his codefendants in order to coerce him to plead guilty.
¶ 3. Finding no merit in any of Jones's contentions, we affirm.

FACTS
¶ 4. On December 5, 2003, Jones pleaded guilty to burglary and armed robbery. Jones was represented by counsel at his plea hearing, and both Jones and his attorney answered questions from the court. After Jones expressed dissatisfaction with his lawyer, the court suggested that Jones and his attorney go confer to attempt to work out the problems. Jones and his lawyer then spent three hours in conference. When later asked by the court whether he was satisfied with his counsel, Jones replied that he was.
¶ 5. The court questioned Jones extensively about his understanding of the various rights he was losing by pleading guilty. Jones testified that he understood those rights and waived them. Jones told the court that he had not been threatened, coerced, or promised anything in exchange for his guilty plea. Jones also testified that he was not under the influence of any drugs or alcohol, was not suffering from any mental defect, and that he was pleading guilty knowingly and voluntarily.
¶ 6. Jones admitted that he was guilty of breaking into a dwelling and using a handgun to rob an occupant of the dwelling. The judge advised Jones of the potential penalty range for those offenses, and also advised him that she could sentence him to the maximum sentences (life and twenty-five years). Jones testified that he understood the judge was not bound to follow the prosecutor's recommended sentence. After questioning Jones and his counsel, the court accepted Jones plea as freely and intelligently made. The court then sentenced Jones to the prosecutor's recommended sentence.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. The entering of a guilty plea limits what issues a defendant may raise on appeal: "A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Put another way, all non-jurisdictional objections to the indictment are waived. . . ." Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990) (citing Houston v. State, 461 So.2d 720, 723 (Miss.1984); Sanders v. State, 440 So.2d 278, 283 (Miss.1983); Winters v. State, 244 So.2d 1, 2 (Miss.1971); United States v. Diaz, 733 F.2d 371, 376 (5th Cir.1984)). We also note that issues not raised below may not be raised on appeal: "Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error." Stringer v. State, 279 So.2d 156, 158 (Miss.1973) (citing Boutwell v. State, 165 Miss. 16, 27-28, 143 So. 479, 482 (1932)). "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 8. We find that there is no merit to Jones's second point of error (that false evidence was used to obtain his indictment), because he waived this claim when *514 he entered his plea of guilty. All non-jurisdictional issues in an indictment (such as the methods used to obtain evidence during investigation) are waived by the entering of a guilty plea. Therefore, we will only consider the remaining four points of error complained of by Jones.
¶ 9. Also as a preliminary matter, we address the substance of the guilty plea hearing wherein the court questioned Jones regarding his plea. Jones specifically testified: that he was not under the influence of drugs or alcohol; that he had no mental illnesses; that he was able to read and write; that he made his plea intelligently, knowingly, freely and voluntarily; that he had not been coerced or threatened into making his plea; that he understood that if at any time he said that he was innocent, the court would not accept his plea; that he was waiving numerous jury trial procedures by taking his appeal;[2] that he understood that he was giving up the right to appeal his sentence; that he had in fact committed the crimes charged in his indictment; that he understood the possible sentences that could be imposed upon him; that he was satisfied with the advice of his attorney; and that he was "deeply sorry" for what took place.

(1) Newly discovered evidence
¶ 10. Under this issue Jones claims that he has produced sworn statements by his codefendants recanting their testimony. We note that the provided statements are actually not sworn. However, even if they were, it would not matter, for Jones pleaded guilty. Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.

(2) Ineffective assistance of counsel
¶ 11. In order to prove ineffective assistance of counsel, Jones must prove that (1) his counsel was deficient and (2) that deficiency prejudiced Jones. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After reviewing the record before us, we cannot say that Jones's counsel provided ineffective assistance. Jones's counsel negotiated a plea, counseled him, and worked on his behalf.
¶ 12. As proof, Jones points specifically to what happened the day of his plea hearing. On that day, Jones told the judge that he was unhappy with his counsel. The judge then sent Jones and his counsel to converse in private and see if they could work things out. Jones and his counsel spent nearly three hours conversing, after which Jones came back to the court and entered his guilty plea. At that time, Jones testified, in response to questions from the court, that he was satisfied with his counsel:
Q. Mr. Jones, you're standing here with your counsel . . . and just less than three hours ago we were on the record when you were advising me that you were not satisfied with your counsel. . . . Have you had meaningful conference with [your *515 counsel] that resulted in you deciding to enter this plea?
A. I really didn't understand.
Q. Have you been talking with your attorney and are you now satisfied that your attorney has adequately represented you in this matter and you're satisfied with the services that he has offered you this morning leading up to the entry of this plea?
A. Yes, ma'am.
Q. Are you satisfied that he has represented your best interest in each of these points?
A. Yes, ma'am.
This passage clearly shows that Jones was satisfied with the performance of his counsel. Although he has provided us with a sworn affidavit from a third party detailing alleged conflicts between him and his counsel, the affidavit is not sufficient to prove ineffective assistance of counsel. Nothing in the affidavit proves that Jones's counsel was ineffective, and Jones's later testimony to the court shows that he was satisfied with the services rendered. We find this to be especially indicative of Jones's feelings toward his attorney, since Jones had already complained to the court that he was unhappy. If Jones had remained dissatisfied after going to confer with his counsel, it stands to reason that he would have told the court, since he had done so before and the court provided him with ample opportunities to say something. Therefore, we find no merit to Jones's ineffective assistance of counsel claim.

(3) Opportunity to hire new counsel
¶ 13. Jones complains that he was denied a continuance to find new counsel, and that that denial requires reversal of his conviction. Instead of granting a continuance, the court below sent Jones and his counsel to discuss matters and see if they could work something out. In a factually similar case, the Mississippi Supreme Court said:
We acknowledge that real differences arise between litigants and their attorneys, but are of the view that such differences appearing at the last minute. . . must necessarily be examined for good faith or efforts thereby to procure a continuance. Although the defendant gave expression to his unhappiness with his employed trial attorney, thereafter excellent cooperation between them appeared, and in disposing of post-conviction matters, the judge commented complimentarily upon the attorney's services and the appellant's cooperation with him.
Nettles v. State, 380 So.2d 246, 246-47 (Miss.1980). As in Nettles, Jones expressed dissatisfaction with his counsel, but later testified that he was happy with his attorney. In the absence of compelling evidence to the contrary, we find that Jones was satisfied with his counsel, and that there was therefore no reason for the court to grant a continuance to him. This point of error is without merit.

(4) Voluntariness of plea
¶ 14. Although Jones now claims that his plea was involuntary because of the threatened use of his co-defendant's statements, we find that his sworn answers to questions from the court contradict that assertion. More than once, Jones told the court that his plea was made voluntarily, knowingly, freely, and intelligently. He testified that he was able to read and write, had no mental illnesses, and was not under the influence of any drugs or alcohol. In short, Jones made it abundantly clear during the hearing below that his plea was made voluntarily and knowingly. Jones undeniably had the opportunity to inform the court of any perceived coercion. *516 Therefore, we find no merit in this point of error.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Jones actually received two sentences. The first sentence was for a term of twenty-five years, with fifteen years suspended. The second was for ten years, to run concurrent with the first sentence.
[2] The court went through numerous jury trial procedures, such as the right to remain silent, subpoenas, and the right to interview and examine witnesses for the State. In the interest of brevity, we do not repeat each point gone over.