956 So.2d 310 (2006)
Patrick L. JONES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01047-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Rehearing Denied April 24, 2007.
*311 Patrick L. Jones (Pro Se), attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., BARNES, and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Patrick L. Jones, proceeding pro se, appeals the Circuit Court of Warren County's denial of his motion for post-conviction relief. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On December 3, 2001, Patrick Jones entered a plea of guilty to two indictments presented against him for the sale and delivery of a controlled substance. Jones was sentenced to eighteen years in the custody of the Mississippi Department of Corrections, with twelve years to serve, six years suspended, and five years of post-release supervision. An order to this effect was entered on December 14, 2001. On January 20, 2004, Jones filed a motion for post-conviction relief in the Circuit Court of Warren County alleging that (1) his guilty plea was involuntary as a matter of law; (2) he received ineffective assistance of counsel; (3) the State should have proceeded under a single indictment rather than two; (4) his sentence was unconstitutionally vague; and (5) the cumulative effect of the preceding errors constituted plain error. On May 3, 2005, the circuit court denied Jones's motion for post-conviction relief, and Jones subsequently perfected this appeal.

STANDARD OF REVIEW
¶ 3. On review of a trial court's denial of post-conviction relief, we will not disturb that court's factual findings unless they are found to be clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). The appropriate standard for questions of law, however, is de novo. *312 Rice v. State, 910 So.2d 1163, 1164(¶ 4) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).

ISSUES AND ANALYSIS
I. WHETHER JONES'S GUILTY PLEA WAS ENTERED KNOWINGLY AND VOLUNTARILY
¶ 4. Jones asserts in his statement of issues that the trial court failed to find a factual basis for his guilty plea and therefore the guilty plea was "involuntary as a matter of law." We find Jones's contention without merit as there clearly were two distinct factual bases for Jones's guilty plea.
¶ 5. First, Jones admitted that he committed both crimes for which he was entering a plea of guilty. The trial judge explicitly asked Jones during the plea colloquy, in two separate questions, whether he sold cocaine to a cooperating individual working undercover on the dates of April 30, 2001, and May 9, 2001. To both questions Jones affirmatively answered, "Yes, sir." According to our supreme court, "[a] factual basis for a plea may be established by the admission of the defendant." Boddie v. State, 875 So.2d 180, 186(¶ 19) (Miss. 2004) (citing Templeton v. State, 725 So.2d 764, 766 (Miss.1998)). The colloquy between the trial judge and Jones, which included the admission by Jones, clearly established a factual basis for the guilty plea and would have been sufficient to satisfy the factual basis requirement.
¶ 6. Second, the trial judge asked the assistant district attorney during the plea colloquy what the State expected the evidence to show at trial. He informed the court that for both the April 30 incident and the May 9 incident, the State had video and audio recordings of the cocaine sales, crime lab confirmation that the substances from the two sales were indeed cocaine with both constituting a tenth of a gram of cocaine, and five witnessescomprised of three police officers and the two crime lab techniciansprepared to testify. We find Jones's argument that there was no factual basis for his guilty plea to be without merit as there were two factual bases for the guilty pleaJones's own admission and the district attorney's representations to the court.
II. WHETHER JONES WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 7. Jones contends that he was provided ineffective assistance of counsel prior to and during his guilty plea. Specifically, Jones claims that there was a conflict of interest in that Jones's attorney, Richard Smith Jr., was "committed to becoming the district attorney of the same district in which he was representing petitioner [and] had an agenda to achieve conviction of petitioner." Because of this conflict and alleged "agenda," Jones contends that his attorney never considered any potential defenses to the drug charges, failed to adequately investigate the charges against Jones, and recommended that Jones plead guilty to the charges.
¶ 8. This Court applies the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) when evaluating a claim of ineffective assistance of counsel. Under the Strickland standard, "the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome." Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396 (Miss.1991)). In the context of a guilty plea, the claimant must demonstrate that his counsel's performance fell below the minimal range of competence expected of *313 attorneys in criminal cases and that but for that sub-standard performance, the claimant would have insisted on going to trial. Id.
¶ 9. We agree with the trial court that Jones has failed to provide sufficient evidence demonstrating his attorney's deficiency. With respect to Jones's assertion of a conflict of interest, Jones attached, as an exhibit to his petition for post-conviction relief, a campaign flyer announcing the candidacy of Richard Smith, Jr. for the office of district attorney. Nowhere does this flyeror any other document provided by Jonesindicate the year for which Smith was seeking election.[1] Without any evidence to establish that a conflict of interest existed at the time of Smith's representation of Jones on or prior to December 14, 2001, we find Jones's reliance on a conflict of interest as the basis for an ineffective assistance claim to be ungrounded.
¶ 10. Jones also claims that Smith's failure to "investigate and interview the witnesses which could and would have supported a possible defense of entrapment or other mitigating information" constituted ineffective assistance of counsel. Again, we agree with the trial court and find that this argument is unsubstantiated by the record. Jones admits in his brief that he cannot name the witnesses that Smith should have interviewed nor does he disclose the "mitigating information" that Smith allegedly failed to uncover. Without such evidence, the trial court could not, nor can we, find that "counsel's performance was deficient" as required by the first prong of the standard set forth in Strickland. Consequently, Jones has not established that Attorney Smith's representation during and prior to his guilty plea was deficient or prejudicial to Jones. Accordingly, we find Jones's claim as to this issue to be without merit.
III. WHETHER THE STATE IMPROPERLY INDICTED JONES UNDER MULTIPLE INDICTMENTS
¶ 11. Jones asserts that the two charges stemming from the sale of cocaine on April 30, 2001, and May 9, 2001, should have been pursued as multiple counts under a single indictment rather than as separate indictments. Jones argues that any possible entrapment defense was prejudiced by the State's improperly pursuing the charges under two separate indictments. First, we agree with the trial court that Jones does not demonstrate how he would have been prohibited from asserting an entrapment defense at trial. Second, and much more detrimental to Jones's argument, the statute at issue makes single, multi-count indictments permissive, not mandatory.
¶ 12. Jones relies on Mississippi Code Annotated section 99-7-2(1) (Rev.2000) for authority. In relevant part, this section provides that:
Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
*314 ¶ 13. While the April 30 and the May 9 charges may have been "transactions connected together or constituting parts of a common scheme or plan," nothing in the language of the statute, cited above, makes it mandatory for the State to proceed under a single, multi-count indictment. To the contrary, the statute clearly states that the offenses "may be charged in the same indictment." Id. (emphasis added).
¶ 14. Jones states in his brief that "[t]he law is clear that these charges should have been pursued by way of a multiple count indictment. . . ." Jones cites Eakes v. State, 665 So.2d 852 (Miss.1995) and Allman v. State, 571 So.2d 244 (Miss. 1990) to support his assertion. However, both Eakes and Allman presented the converse of the situation with which we are presented, i.e., in each of those respective cases, the charges were pursued under a single indictment and the defendants contended that the charges should have been pursued under multiple indictments. Eakes, 665 So.2d at 860-62; Allman, 571 So.2d at 248-49.
¶ 15. Neither Eakes nor Allman lend support to Jones's argument that a single indictment was mandatory under the circumstances of the case sub judice. These two opinions discussed the factual circumstances necessary for a single, multi-count indictment to be proper. Id. We read both Eakes and Allman to be consistent with the clear language of section 99-7-2(1) that, once these factual circumstances are satisfied, proceeding under a single indictment is permissive and not mandatory. See Eakes, 665 So.2d at 861 (stating that "either a common transaction or occurrence is required or, if the transactions occurred at different times, the time period between them must be insignificant in order that a [single,] multi-count indictment be permissible") (emphasis added). Accordingly, we find Jones's assertion to the contrary to be without merit.
IV. WHETHER JONES'S SENTENCE IS UNCONSTITUTIONALLY VAGUE OR SUBJECT TO MULTIPLE INTERPRETATIONS
¶ 16. Jones's fourth and final issue is that his sentence, entered by court order on December 14, 2001, is unconstitutionally vague and subject to more than one interpretation. We find this contention to be wholly without merit.
¶ 17. Jones appears to recite verbatim, in his brief, the language contained in the "Sentencing Order" entered by the Warren County Circuit Court on December 14, 2001. Looking only to the language recited by Jones in his brief, there seems to be some vagueness in the circuit court's language. However, comparing the language attributed to the circuit court by Jones with the circuit court's actual language contained in the "Sentencing Order," the only vagueness to be found is contained in Jones's brief. The actual language used by the circuit court is as follows:
IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant, for the crime of sale of cocaine is hereby sentenced to eighteen (18) years with twelve (12) years to serve in the custody of the Mississippi Department of Corrections and six (6) years suspended with five (5) years post-release supervision by the Mississippi Department of Corrections. . . .
. . . .
The defendant is fined $5,000 and the Court hereby suspends that fine. This sentence to run concurrent with Warren County Cause No. 010287-CR-V.[2]
*315 ¶ 18. We fail to find anything about the above language vague. Jones argues that the court did not specify whether "the 6 years suspended was to be subtracted from the 18 years MDOC or to be subtracted from the 12 years to serve. It could therefore be subtracted from either or both." We find this argument unpersuasive. Jones was clearly sentenced to eighteen years; he was clearly given twelve years to serve; eighteen minus twelve leaves six years suspended, which is what the language in the sentencing order reflects. Only by misquoting the circuit court's "Sentencing Order" does Jones make an even remotely tenable argument. By analyzing the circuit court's actual language, however, it is apparent that Jones's argument is wholly without merit.
V. WHETHER THE CUMULATIVE EFFECT OF THE PRECEDING ERRORS CONSTITUTES PLAIN ERROR
¶ 19. Having found no merit in any of the preceding assignments of error, we find no cumulative error arising to the level of plain error. See Sheffield v. State, 844 So.2d 519, 525(¶ 16) (Miss.Ct.App. 2003). We therefore find this assignment is without merit.

CONCLUSION
¶ 20. Finding all of Jones's claims to be without merit, we affirm the judgment of the circuit court denying post-conviction relief.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] In the circuit court's order denying Jones's petition for post-conviction relief, the court stated that Smith's "campaign pledge occurred approximately one and one-half years" after Jones's guilty plea and sentence. Evidence of this fact was not made a part of the record, and we are not in a position to take judicial notice of the date of Smith's candidacy. However, the burden was on Jones to support his motion regarding the purported conflict of interest. Jones failed to meet this burden.
[2] Jones's brief reflects the following language: "Sentenced to 18 years MDOC with 12 years to serve and 6 years suspended for a period of 5 years with 5 years post release supervision. The defendant is fined $5000.00 and the court hereby suspends that fine. This sentence is to run concurrent with cause 01-0287-CRV."