KING, C.J.,
for the Court.
¶ 1. On May 3, 2007, Rodger Dale Jordan filed a petition in the Circuit Court of Pontotoc County for post-conviction relief to set aside his conviction and sentence for statutory rape. On March 31, 2008, the trial court conducted an evidentiary hearing on Jordan’s petition. As a result of the hearing, the trial court denied Jordan’s petition for post-conviction relief. Aggrieved, Jordan appeals and argues the following issues: (1) he received ineffective assistance of counsel; (2) his guilty plea was entered involuntarily; (3) the trial court erred in ruling that there was no evidence of material facts which required the vacation of his guilty plea; and (4) the cumulative effect of the aforementioned errors entitles him to a reversal of the trial court’s judgment. Finding no error, we affirm.
FACTS
¶ 2. On December 16, 2005, Jordan was arrested for the crime of statutory rape of *699 a child, Ann,[1] that occurred during the period of October 11-13, 2005. Soon after the rape, Ann was diagnosed with Ewing’s sarcoma. During its April 2006 term, the Pontotoc County Grand Jury indicted Jordan as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) for the offense of statutory rape. The case was initially set to be tried on July 17, 2006. However, because of receipt of late discovery, defense counsel’s extremely busy court calendar, and defense counsel’s lack of preparation, Jordan’s defense counsel filed a motion for continuance. The trial judge granted the motion and rescheduled the case for trial on July 27, 2006. The defense filed a motion requesting that the trial court find the victim’s statement to her sister — that she became pregnant after Jordan forced her to have sexual intercourse with him— was not an exception to the tender years exception to the hearsay rule under Mississippi Rule of Evidence 803(25). On July 11, 2006, the State moved to amend the indictment to address the age of the victim. On July 24, 2006, defense counsel filed a motion pursuant to Mississippi Rule of Evidence 412, seeking permission to introduce evidence of the victim’s prior sexual conduct.
¶ 3. On July 26, 2006, the trial court conducted a hearing on the motions filed by the defense regarding Rule 803(25) and Rule 412. At the Rule 803(25) hearing, Ann’s sister was allowed to testify as to their conversation because of the victim’s absence. After being unexpectedly released from the hospital where she was receiving treatment for cancer, Ann appeared and testified at the motions’ hearing. At the conclusion of the hearing, the trial court ruled that the victim’s statement to her sister was admissible as a hearsay exception pursuant to Rule 803(25) for the following reasons: (1) although Ann appeared to be mature at the age of 13 when the rape occurred, she was diagnosed with cancer approximately four months later; (2) Ann did not appear to have a full understanding or appreciation of the questions asked by counsel; (3) Ann did not have an apparent motive to lie about what she told her sister; (4) it was uncontradicted that Ann did not harbor any hard feelings against Jordan; (5) Ann’s general character was described as trustworthy, and there was no evidence to contradict Ann’s truthfulness to others; (6) Ann only told her sister; (7) Ann’s statement about being pregnant was unprovoked; (8) the victim initially refused to discuss with her sister what she meant by her comment that “it sucks being pregnant”; (9) the timing of the declaration is some five weeks or so after the alleged incident; (10) the fact that the Ann and her sister had a good relationship, and there was no evidence to contradict their relationship; (11) there was no proof that Ann’s memory was faulty; (12) there is no evidence that has called into question Ann’s credibility; (13) there is no evidence that the rape was fabricated; and (14) there is no evidence that the sister suggested to Ann what to say or how to say it. The trial court also ruled that evidence of the victim’s past sexual behavior would be inadmissible at trial.
¶ 4. On July 27, 2006, Jordan pled guilty and was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC) with fifteen years suspended, fifteen years to serve day for day, and five years of post-release supervision. Jordan was ordered to pay a $1,000 assessment to the Mississippi Children’s Trust Fund, a $1,500 fine, and court costs. Jordan was also directed to register as a *700 sex offender. On May 3, 2007, Jordan filed a petition for post-conviction relief to set aside the plea alleging that: his guilty plea was made involuntarily; the assistance he received from defense counsel was ineffective; and there exists evidence of material facts not previously presented to and heard by the trial court.
¶ 5. On March 31, 2008, the trial court conducted an evidentiary hearing on Jordan’s petition for post-conviction relief. At the conclusion of the hearing, the trial judge took the matter under advisement. On May 12, 2008, the trial court denied Jordan’s petition for post-conviction relief.
STANDARD OF REVIEW
¶ 6. “When reviewing a [trial] court’s decision to deny a petition for post conviction relief[,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). “However, where questions of law are raised, the applicable standard of review is de novo.” Id.
DISCUSSION
I. Ineffective Assistance of Counsel
¶ 7. Jordan argues that he received ineffective assistance from his trial counsel. Specifically, Jordan claims that defense counsel coerced and cajoled him to enter a guilty plea as his counsel unprepared for trial. Jordan claims that defense counsel was relying on receiving a continuance in order to prepare for trial. “To prove ineffective assistance of counsel, a defendant must show (1) that his counsel’s performance was deficient and (2) that this deficiency prejudiced his defense.” Kimble v. State, 2 So.3d 688, 690(¶ 6) (Miss.Ct.App.2008). “An allegation of ineffective assistance of counsel for failure to properly prepare must state whether any additional investigation, such as interviewing witnesses or investigating facts, would have significantly aided or altered the outcome of the defendant’s case at trial.” Benson v. State, 821 So.2d 823, 827(¶ 16) (Miss.2002).
¶ 8. In support of his claim of ineffective assistance of counsel, Jordan offered two affidavits, one from his mother, Debbie McGregor, and the other from Kortney Sappington, his fiancée. McGregor and Sappington were allegedly privy to conversations regarding Jordan’s guilty plea. The affidavits from McGregor and Sap-pington indicate that defense counsel told Jordan to enter a guilty plea because with the status of Ann’s physical appearance from cancer, there was no way he could “win,” especially since he had not prepared for the trial. McGregor and Sappington also claimed that defense counsel told Jordan not to worry because he could appeal. However, there was evidence presented at the hearing that called into question McGregor’s credibility. The only other evidence offered to support Jordan’s allegation that defense counsel cajoled and coerced him to enter a guilty plea was his own allegations of coercion.
¶ 9. As for Jordan’s argument that defense counsel was unprepared for trial, Jordan provides no evidence to support his allegation that counsel was unprepared. Clearly, Jordan failed to meet the burden of proof that defense counsel’s performance was deficient and that such deficiency prejudiced his defense.
¶ 10. During his plea hearing, Jordan stated that he had not been promised anything, coerced, or threatened by anyone into entering his plea. Jordan testified that he was satisfied with counsel’s performance and that he (Jordan) had no reservations about entering a plea in light of having expressed some reservations earlier about his attorney. Therefore, we find *701 that Jordan’s allegation of ineffective assistance of counsel is without merit.
II. Voluntariness of Plea
¶ 11. Jordan asserts that his guilty plea was not entered voluntarily. First, Jordan argues that his plea was involuntary because defense counsel coerced and manipulated him into a guilty plea with the assurance that his case could be heard on appeal. Second, Jordan contends that because of the outcome of the motion hearings and the victim’s deteriorating health, his attorney gave him a choice to either take a plea and be sentenced to fifteen years, which he could immediately appeal, or go to trial and lose, which would likely result in a life sentence. Jordan claims that although he stated at his plea hearing that he had not been coerced, he was under duress and, thus, committed perjury.
¶ 12. “Counsel has ‘a duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case.’ ” Robinson v. State, 964 So.2d 609, 612(¶ 8) (Miss.Ct.App.2007) (citation omitted). “If the attorney believes that it is in his client’s best interest to plead guilty, it is his duty to inform him of that fact.” Id. In Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988), the supreme court held that despite the advice or instructions an attorney gives his client, if the trial court is thorough in its questioning and explanation to the defendant regarding his rights and the consequences of his plea, then such discussion is sufficient to render a plea voluntary.
¶ 13. During the plea colloquy, the following dialogue occurred between the trial judge and Jordan as to the voluntariness of his plea and his right to appeal:
■ Q. Has anyone promised you anything, offered you anything, tried to coerce you or threaten you into entering this plea?
A. No ma’am.
Q. Is this plea free and voluntary?
A. Yes, ma’am
[[Image here]]
Q. Mr. Jordan, this is very important. Do you understand that today is made final in this sense? If you enter your plea today and I accept your plea, you will have waived or given up your right to appeal this case?
A. Yes, ma’am.
Q. You understand that?
A. Yes, ma’am.
¶ 14. In addition, when the trial court asked Jordan whether he pled guilty or not guilty as to the felony offense of statutory rape of a victim under the age of 14 years as set forth in the indictment, Jordan responded in the following manner:
Q. It is alleged in the indictment that between the dates of 11th and 13th day of October, 2005, that you did willfully, unlawfully, feloniously have sexual intercourse with a child under the age of 16 years, to wit [Ann], having a date of birth of July 21st, 1992, and who was 36 or more months younger than the defendant, and not the spouse of the defendant and at the time of the offense that you, the defendant was 18 years of age or older, having a date of birth of August 22nd, 1972, in violation of Mississippi Code Annotated, Section 97-3-65(l)(a). Do you understand, sir?
A. Yes, ma’am.
Q. Do you understand that charge.
A. Yes, ma’am.
[[Image here]]
Q. Do you plead guilty or not guilty to statutory rape of a victim under the age *702 of 14 years of age as set forth in the indictment I’ve read to you in CR06-058.
A. Guilty.
¶ 15. “The law is clear that, in instances where it is alleged that an attorney gave faulty advice or misinformation in the time preceding the plea hearing, the error is cured if the defendant unequivocally is given the correct information and indicates his understanding of it during the hearing itself.” Henderson v. State, 769 So.2d 210, 214(1112) (Miss.Ct.App.2000). Even if Jordan was misled by counsel, the trial court’s explanation that by entering a guilty plea Jordan forfeited his right to appeal was sufficient to negate any misinformation. Additionally, Jordan acknowledged that he understood that by entering a guilty plea he was admitting to the facts as read from the indictment. We find that Jordan’s guilty plea was entered voluntarily and knowingly. Therefore, this issue is without merit.
III. Existence of Evidence of Material Facts
¶ 16. Jordan contends that during hearings on the pretrial motions, evidence was revealed that would require the vacation of his guilty plea. Jordan asserts that because he was not given an opportunity to conduct interviews of new witnesses or investigate new leads that became available the day prior to trial, his guilty plea should be set aside. Jordan alleges that a cursory investigation produced multiple witnesses who confirmed that the victim had multiple sexual partners around the time of the alleged statutory rape.
¶ 17. Jordan’s initial defense was that the victim falsely accused him of having sexual intercourse with her and being the source of her alleged pregnancy. Later, Jordan stated affirmatively that he had engaged in sexual intercourse with the 'victim.
¶ 18. The new evidence, which Jordan alleged was material to his defense, was the testimony of two witnesses, who claimed to have had sexual intercourse with the victim, and affidavits from the victim’s schoolmates and friends which alleged the same. Any newly discovered material evidence must be sufficient to result in a different result or induce a different verdict. The new evidence does not negate Jordan’s acknowledgment of sexual intercourse with the victim.
¶ 19. This Court held in Majors v. State, 946 So.2d 369, 373-74(¶ 12) (Miss.Ct. App.2006) that:
Newly discovered evidence is relevant only in situations where a defendant goes to trial and is convicted. To succeed on a motion for a new trial based on newly discovered evidence, the petitioner must prove that new evidence has been discovered since the close of trial and that it could not have been discovered through due diligence before the trial began. Additionally, the petitioner must show that the newly discovered evidence will produce a different result or induce a different verdict, if a new trial is granted.
(Internal citations and quotations omitted). Jordan did not stand trial; instead, he pled guilty to statutory rape. Because Jordan pled guilty, the alleged newly discovered evidence in this case is irrelevant. Therefore, we find that this issue is without merit.
IV. Cumulative Error
¶ 20. Having found no merit to any of the specific errors alleged by Jordan, we find no cumulative error. Jones v. State, 956 So.2d 310, 315(1119) (Miss.Ct.App. 2006).
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING THE PETITION *703 FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. For purposes of confidentiality, we will call the child Ann.