LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On November 9, 2000, Bobby Burks, Jr., pleaded guilty to one count of possession of a controlled substance with intent to transfer or distribute. The Harrison County Circuit Court sentenced Burks to twenty years, but suspended the sentence and gave Burks credit for time served. Burks was also placed on five years’ post-release supervision and ordered to pay a fine and court costs.
 

 ¶ 2. On June 14, 2004, after a hearing at which Burks was present, the trial court revoked his probation and ordered Burks to serve the remainder of his twenty-year sentence, with credit for time served. Burks filed two successive motions to reconsider, which the trial court denied.
 

 ¶ 3. On June 15, 2006, Burks filed his motion for post-conviction relief. The trial court denied Burks’s motion, finding that the same allegations were raised in his two previous motions to reconsider. The trial court did address the merits, finding that Burks failed to allege any cognizable relief under the post-conviction-relief statutes. Burks now appeals, asserting the following issues: (1) the original sentence was not imposed within the requirements of the law; (2) the trial court did not have the authority to revoke his probation; (3) the post-release supervision was void because there was no term of incarceration prior to post-release supervision; (4) the petition to revoke probation was based upon insufficient and incorrect claims; and (5) a complete record was not provided to him on appeal. As Burks’s first three issues are related, we will address them together.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(113) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. SENTENCE AND REVOCATION
 

 ¶ 5. In his first two issues on appeal, Burks argues that the trial court improperly sentenced him and improperly revoked his probation. We note that these two issues were not argued in Burks’s motion for post-conviction relief; thus, his arguments on appeal are subject to the procedural bar.
 
 See Jones v. State,
 
 915 So.2d 511, 513(¶ 7) (Miss.Ct.App.2005). Regardless of the procedural bar, we will address the merits.
 

 
 *1221
 
 ¶ 6. Although Burks argues in his first issue that his sentence fails to comply with Mississippi Code Annotated section 47-7-34 (Rev.2004) and
 
 Sweat v. State,
 
 912 So.2d 458 (Miss.2005), he fails to argue or discuss their relevance to his case other than making vague assertions. Section 47-7-34 deals with the imposition of post-release supervision for prior convicted felons. In
 
 Sweat,
 
 the supreme court modified Joe Earl Sweat’s sentence to reflect the appropriate period of post-release supervision, both supervised and unsupervised.
 
 Sweat,
 
 912 So.2d at 461(¶ 10). Burks was sentenced to twenty years, which was well within the statutory guidelines for possession with intent to distribute, and his term of incarceration plus his post-release supervision does not exceed the maximum sentence of thirty years as prescribed by statute.
 
 See
 
 Miss.Code Ann. § 41-29-139(b)(l) (Rev.2009). This issue is procedurally barred and without merit.
 

 ¶ 7. Burks also argues in his second issue that the trial court did not have the jurisdiction to revoke his probation and sentence him to serve the remainder of his sentence. The trial court clearly had jurisdiction to suspend Burks’s sentence, as well as to revoke his suspended sentence and impose the original term of incarceration.
 
 Johnson v. State,
 
 925 So.2d 86, 92-93(¶ 12) (Miss.2006). This contention is without merit.
 

 ¶ 8. Burks also claims in his third issue that his post-release supervision was void because there was no term of incarceration prior to the post-release supervision. Burks’s arguments to support this contention are the same as stated above, namely that the trial court did not have the jurisdiction to reinstate his suspended sentence. We note that Burks did serve approximately 157 days in jail, which the trial court credited toward his sentence. This issue lacks merit.
 

 II. PETITION TO REVOKE WAS INVALID
 

 ¶ 9. In his next assignment of error, Burks argues that the petition to revoke his probation was invalid because it was based upon insufficient and incorrect claims. We first note that Burks has argued throughout his brief that he was unable to defend himself because he was not present during the revocation hearing. However, according to the transcript of the revocation hearing, Burks was in attendance at the hearing and admitted that he had violated the terms of his suspended sentence, namely that: he failed to report to his probation officer; he failed to submit to drug testing; and he was also wanted by Lincoln County for failure to report to his probation officer there. Burks also admitted that he knew he would return to jail if he violated the terms of his suspended sentence.
 

 ¶ 10. Burks further claims that because he was previously convicted of a felony, the trial court erred in sentencing him to probation pursuant to Mississippi Code Annotated section 47-7-33(1) (Rev. 2004). Section 47-7-33 prohibits the imposition of a suspended sentence and supervised probation on a prior convicted felon. Post-release supervision is the alternative to probation designed specifically for previously convicted felons.
 
 See Gaston v. State,
 
 817 So.2d 613, 619(¶ 20) (Miss.Ct.App.2002). Burks was not sentenced to probation; rather, his sentence was suspended, and he was placed under post-release supervision pursuant to section 47-7-34. This issue is without merit.
 

 III. RECORD ON APPEAL
 

 ¶ 11. In his final issue, Burks contends that the record provided by the Harrison County Circuit Clerk was incomplete and asks us to reverse and remand. Burks
 
 *1222
 
 contends that he filed a motion for post-conviction relief on December 14, 2007, which should have been included in the record as it was relevant to his appeal. Burks claims that the trial court never considered this particular motion. The case before this Court is an appeal of the order entered in Cause No. A2401-06-186. In his designation of the record, Burks asked for “all clerk papers, to include, the post-conviction relief petition, and all attachments filed in this action.” The record includes his guilty plea, his revocation hearing, and other motions filed under this particular cause number. Burks did file a motion for post-conviction relief on December 14, 2007, but this motion was filed in Cause No. A2401-07-451. Cause No. A2401-07-451 was not designated as part of the official record in this case. The record as submitted by the clerk was the record which Burks requested. This issue is without merit.
 

 ¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.