# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00477-COA

JAMES KAMERON RYE                                                           APPELLANT

v.

STATE OF MISSISSIPPI                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/2021 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFREY D. WALDO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 02/14/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     A Monroe County grand jury indicted James Kameron Rye on two charges of sexual battery and one charge of fondling. Rye accepted a negotiated plea offered by the State and pled guilty to the two charges of sexual battery on February 4, 2020. The remaining charge was retired to the files. Accepting Rye's plea, the circuit court sentenced Rye to two concurrent twenty-five-year terms, with twenty-two years suspended and three years to serve, in the custody of the Mississippi Department of Corrections, and five years of post-release supervision.

¶2.     On January 6, 2021, Rye filed a timely motion for post-conviction relief (PCR), claiming there was newly discovered evidence (i.e., the medical records of the alleged

victims) that supported his innocence. The circuit court denied the motion, citing precedent by this Court that "by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence." *See infra* ¶5. Appealing from the judgment, Rye argues that the precedent relied on by the circuit court was "criticized by the Mississippi Supreme Court" in *Chancy v. State* (*Chancy-SCT*), 938 So. 2d 251 (Miss. 2006). He also contends the court's findings "contradict the PCR statute."

¶3.     We find that the circuit court erred in denying Rye's motion on the basis that Rye's guilty plea prevented him from asserting that newly discovered evidence existed that could prove his innocence. Because the court made no findings on the merits, we reverse and remand for an evidentiary hearing.

## STANDARD OF REVIEW

¶4.     "Absent a finding that the circuit court's decision was clearly erroneous or an abuse of its discretion," a court's denial "of a PCR motion will not be reversed." *Creppel v. State*, 305 So. 3d 1245, 1250 (¶10) (Miss. Ct. App. 2020) (citing *Lawrence v. State*, 293 So. 3d 848, 851 (¶6) (Miss. Ct. App. 2019)). "When reviewing issues of law, the proper standard of review is de novo." *Id*.

## DISCUSSION

¶5.     The circuit court determined in its order denying Rye's PCR motion,

> It has long been held that "by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove . . . innocence." *Massey v. State*, 131 So. 3d 1213, 1219 (Miss. Ct. App. 2013).
>
> > Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the

2

> trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense.
>
> *Jones v. State*, 915 So. 2d 511, 514 (Miss. Ct. App. 2005). *See also Jordan v. State*, 21 So. 3d 697, 702 (Miss. Ct. App. 2009) ("Jordan did not stand trial; instead, he pled guilty to statutory rape. Because Jordan pled guilty, the alleged newly discovered evidence in this case is irrelevant.); *Townes v. State*, 88 So. 3d 812, 815-16 (Miss. Ct. App. 2012) (accord); *Singleton v. State*, 213 So. 3d 521, 524 (Miss. Ct. App. 2016) (accord).
>
> Petitioner did not stand trial. Instead, he pled guilty to sexual battery. In accord with the above-cited authority, the alleged newly discovered evidence is irrelevant.

Rye argues that the precedent relied on by the court, "while not directly overruled, has either been superseded by statute, contradicts established precedent, and/or violates standards of statutory interpretation." Thus, he contends that "there is no language in the Uniform Post-Conviction Collateral Relief [A]ct that creates a procedural bar to post-conviction relief based on newly discovered evidence when a defendant has pled guilty."[1]

¶6.    In *Chancy v. State* (*Chancy-COA*), 938 So. 2d 267, 269 (¶9) (Miss. Ct. App. 2005), the Mississippi Court of Appeals held, without citation to authority, that "[n]ewly discovered evidence is relevant only in situations where a defendant went to trial and was convicted."[2]

---

[1] Rye also notes that Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) "creates an exception to the three year statute of limitations for newly discovered evidence." Since Rye's motion was timely filed and was not procedurally barred, the exceptions outlined in section 99-35-5(2) are not at issue in this case.

[2] Another case, *Jones v. State*, 915 So. 2d 511 (Miss. Ct. App. 2005), was issued on the same date as *Chancy-COA*, and used this same language, also without citation to authority. *Id*. at 514 (¶10).

The supreme court in *Chancy-SCT* (on writ of certiorari) "disagree[d]" with this reasoning, although the case was affirmed on other grounds. *Chancy-SCT*, 938 So. 2d at 253 (¶¶4, 6). The supreme court noted several cases[3] in which the trial court had granted evidentiary hearings based on newly discovered evidence despite a defendant's entering a guilty plea. *Id*. at (¶4).[4]

¶7.    In *Massey*, one of the cases cited by the circuit court, we relied on our holding in *Chancy-COA* with just a notation that it had been "affirmed but criticized on other grounds" by the supreme court's decision in *Chancy-SCT*. In the instant case, the State characterizes the supreme court's disagreement in *Chancy-SCT* as "dictum." This Court has defined dicta "as expressions in a court's opinion 'which go beyond the facts before the court and therefore are the individual views of the author of the opinion and are not binding in subsequent cases as legal precedent.'" *Ameristar Casino-Vicksburg v. Rawls*, 2 So. 3d 675, 683 (¶28) (Miss. Ct. App. 2008) (quoting Black's Law Dictionary 454 (6th ed. 1990)). While *Chancy-SCT* did not "expressly overrule the cases cited by the [circuit] court," as noted by the State, we

---

[3] The cases cited were *Gaston v. State*, 922 So. 2d 841 (Miss. Ct. App. 2006); *Sykes v. State*, 919 So. 2d 1064 (Miss. Ct. App. 2005); *Garlotte v. State*, 915 So. 2d 460 (Miss. Ct. App. 2005); *Freshwater v. State*, 914 So. 2d 328 (Miss. Ct. App. 2005); *McGriggs v. State*, 877 So. 2d 447 (Miss. Ct. App. 2003); *Donnelly v. State*, 841 So. 2d 207 (Miss. Ct. App. 2003); and *Wright v. State*, 821 So. 2d 141 (Miss. Ct. App. 2000).

[4]    *Chancy-SCT* further held that a PCR movant may rely on the newly-discovered-evidence exception to the applicable statute of limitations. *Id*.; *see also Jackson v. State*, 965 So. 2d 686, 689 (¶9) (Miss. 2007) (recognizing the holding in *Chancy-SCT* "that in the case of newly discovered evidence, post-conviction relief is available even where an individual pleaded guilty and *untimely filed* the petition for post-conviction relief") (emphasis added)). Again, Rye's motion is not untimely; so we find that discussion is not relevant to our disposition in this instance.

4

cannot dismiss the supreme court's "disagree[ment]" as mere dictum.

¶8.    In the past, our court has recognized and followed the supreme court's "disagree[ment]" with our rulings.  For example, in *Howell v. State*, 283 So. 3d 1100, 1104 (¶15) (Miss. 2019), the supreme court "disagree[d]" with this Court's interpretation of a statute in a prior case regarding standing to file a PCR motion.  Subsequently, "**in accordance with the supreme court's ruling in *Howell*,**" we modified an opinion on rehearing in *Jackson v. State*, 287 So. 3d 1060, 1062 (¶8) (Miss. Ct. App. 2019), finding that the defendant had "standing to bring his PCR motion[.]" (Emphasis added).  More recently, we recognized the supreme court's holding in *Chancy-SCT* and noted that the "circuit court erred to the extent that it held that a defendant who pleads guilty cannot seek post-conviction relief based on newly discovered evidence." *Ford v. State*, 336 So. 3d 1146, 1148 n.2 (Miss. Ct. App. 2022).[5]

¶9.    Thus, based on the supreme court's holding in *Chancy-SCT*, we find the circuit court erred in denying Rye's PCR motion asserting newly discovered evidence on the sole basis of his guilty plea and overrule *Chancy-COA* and *Jones* to the extent they hold the opposite.[6]

---

[5] In *Ford*, the defendant had asserted in a prior (first) PCR motion "'that his plea was not intelligently given' because 'he did not know about the [newly discovered evidence].'" *Ford*, 336 So. 3d at 1148 (¶4).  The circuit court denied the motion, "ruling that 'a defendant who pleads guilty admits his culpability and, therefore, cannot later claim innocence even after the discovery of evidence not known to him prior to his conviction.'" *Id*.  Because he did not appeal *that* judgment, the supreme court's holding in *Chancy-SCT* was not dispositive to our opinion.

[6] Those cases that have cited *Chancy-COA* and *Jones* for the proposition that a defendant's guilty plea negates any argument there is newly discovered evidence that could prove innocence should likewise be reconsidered in light of our holding.

5

We still recognize, however, that a defendant's guilty plea, which includes an admission of guilt and a waiver of trial and all defenses, will typically preclude a successful challenge to factual guilt. "Any newly discovered material evidence must be sufficient to result in a different result or induce a different verdict." *Jordan*, 21 So. 3d at 702 (¶18). It will therefore be the rare case where a defendant's knowing, intelligent, and voluntary guilty plea is vacated through post-conviction relief on the basis of newly discovered evidence.[7]

¶10. Although the State alternatively addresses the merits of Rye's motion, we decline to do so, as the circuit court made no findings of fact in its judgment. In *Graham v. State*, 85 So. 3d 847, 851 (¶7) (Miss. 2012), the supreme court held that "it was improper for the Court of Appeals to rule on the merits of [a PCR motion] without the circuit court['s] doing so first, as the circuit-court had exclusive, original jurisdiction." Accordingly, we reverse the judgment and remand the case to the circuit court for an evidentiary hearing to address the merits of Rye's motion.

¶11. **REVERSED AND REMANDED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[7] While the broader issue in such cases relates to the voluntariness of the defendant's guilty plea, Rye has not claimed that his guilty plea was involuntarily given.

6