807 So.2d 1280 (2002)
Billy Wayne RIVERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01639-COA.
Court of Appeals of Mississippi.
January 15, 2002.
Billy Wayne Rivers, Appellant, pro Se.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Billy Wayne Rivers pled guilty to grand theft in the Circuit Court of Harrison County, Mississippi. He was sentenced as an habitual offender to serve three years in the custody of the Mississippi Department of Corrections. Shortly after being sentenced, Rivers filed a petition for post-conviction relief. This petition was summarily denied by the circuit court. Feeling aggrieved, Rivers filed this appeal and argues that the circuit court erred in failing to grant him an evidentiary hearing to determine if his plea was knowing and voluntary and in sentencing him as an habitual offender.
¶ 2. Finding no error, we affirm.

*1281 FACTS
¶ 3. In September 1998, the grand jury for the First Judicial District of Harrison County returned a true bill against Rivers, stating that he had unlawfully, feloniously, and wilfully stolen and carried away certain personalty belonging to another. On or about February 28, 2000, Rivers entered his petition to plead guilty. Based upon two prior convictions in the State of Nevada, Rivers was sentenced as an habitual offender with three years to serve in the custody of MDOC.

LAW AND ANALYSIS

I. DID THE CIRCUIT COURT ERR IN DENYING RIVERS AN EVIDENTIARY HEARING TO DETERMINE IF HIS GUILTY PLEA WAS KNOWINGLY AND VOLUNTARILY ENTERED?
¶ 4. To begin, Rivers argues on appeal that the circuit court erred in denying him an evidentiary hearing to determine if his guilty plea was voluntary. He asserts a multitude of claims as to why his plea was involuntary. Rivers alleges that he was approached by an assistant district attorney for Harrison County while he was in the hospital and under the influence of painkillers, that his attorney was ineffective and even in conspiracy with the Harrison County public officials, and that his constitutional rights were violated by certain unnamed Harrison County public officials.
¶ 5. "When reviewing a lower court's decision to deny a petition for post-conviction relief this court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999). The Mississippi Supreme Court has held that a petition for post-conviction collateral relief is legally sufficient unless "it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794, 794 (Miss.1996). However, another limitation exists as to the sufficiency of a petitioner's claim for post-conviction relief. If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court. Williams v. State, 752 So.2d 477(¶ 7) (Miss.Ct.App.1999). Miss.Code Ann. § 99-39-21(1) (Rev.1994) reads:
Failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
See also Williams v. State, 669 So.2d 44, 52 (Miss.1996) ("Post Conviction Collateral Relief Act provides procedure limited in nature to review those matters which in practical reality, could not or should not have been raised at trial or on direct appeal.")
¶ 6. This rule applies to the case sub judice. In his petition for post-conviction relief, Rivers only argued that he was improperly sentenced as an habitual offender; he did not include the argument that his plea was involuntary. Because he failed to bring this claim in his petition for post-conviction relief, he is barred from pursuing it in this Court.

II. DID THE CIRCUIT COURT ERR IN SENTENCING RIVERS AS AN HABITUAL OFFENDER?
¶ 7. Rivers next argues that he was improperly indicted as an habitual offender. *1282 The emphasis of his argument is that the State did not obtain certified copies of his prior convictions from the State of Nevada. This argument is without merit. Rivers pled guilty to the charges assessed against him. A valid guilty plea admits all elements of the crime charged and waives all non-jurisdictional assertions of error in the indictment. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). Rivers's arguments that he can not be sentenced as an habitual offender because the State did not obtain certified copies of his prior convictions is procedural at best. See also Potts v. State, 755 So.2d 1196(¶ 8) (Miss.Ct.App.1999) ([T]he alleged defect [was] one of form and not substance that was waived by entry of a guilty plea.)
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ., CONCUR.