MYERS, J.,
for the Court.
¶ 1. Anthony McCray pled guilty to murder and was sentenced to life in prison. McCray filed a motion for post-conviction relief which was summarily denied by the trial court. Feeling aggrieved by that decision, McCray appeals to this Court pro se and in forma pauperis seeking review of the following issues:
I. DID THE TRIAL COURT ERR IN DENYING MCCRAY A TRANSCRIPT OF HIS PLEA HEARING?
II. DID THE TRIAL COURT ERR IN DENYING MCCRAY’S MOTION FOR POST-CONVICTION RELIEF?
STATEMENT OF FACTS
¶ 2. On March 16, 2001, McCray was indicted for the crime of murder. McCray initially entered a plea of not guilty, but the record reveals that an order for a *444 change of plea and sentence was later entered on August 14, 2001. On October 7, 2002, McCray filed a motion for post-conviction relief. In his motion, McCray claimed he was entitled to relief for four reasons. First, the trial court was without jurisdiction to impose a sentence. Second, the statute under which the convictions and sentences were obtained was unconstitutional. Third, the sentence exceeded the maximum authorized by law. Finally, court-appointed counsel rendered ineffective assistance.
¶ 3. On November 21, 2002, the trial court summarily denied relief, finding that McCray had failed to allege with specificity and detail any asserted error of his attorney or any other cause or prejudice which would entitle him to relief under the post-conviction relief act. On November 21, 2002, McCray filed a motion for record requesting all of the court documents and transcripts related to his case. The record does not reflect whether the trial court ever ruled on this motion.
¶ 4. On December 3, 2002, McCray filed a motion for reconsideration. In this motion, McCray added the claim of an involuntary guilty plea. Again, the record does not reflect whether the trial court ever ruled on this motion. On December 13, 2002, McCray filed a notice of appeal.
¶ 5. On appeal, McCray has abandoned the first three claims raised in his original motion for post-conviction relief, but has decided to continue the pursuit of his ineffective assistance of counsel claim and his involuntary plea claim. In addition, McCray claims that the trial court erred in denying him a free copy of his plea hearing transcript.
LEGAL ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING MCCRAY A TRANSCRIPT OF HIS PLEA HEARING?
¶ 6. McCray argues he is entitled to a free copy of his plea hearing transcript. We disagree. We note that McCray’s motion for record was not filed until after the trial judge denied McCray’s motion for post-conviction relief. Judge Smith summarily denied McCray’s motion for post-conviction relief on November 15, 2002. Six days later on November 21, McCray filed his motion for record in order to amend his original motion. As a result, the motion for record was untimely.
¶ 7. Moreover, our record does not reflect whether McCray ever obtained a ruling on the motion. It is the duty of the movant to obtain a ruling under these circumstances and if he fails to do so, it constitutes a waiver. Milliorn v. State, 755 So.2d 1217, 1221 (¶ 12) (Miss.Ct.App. 1999).
¶ 8. Assuming arguendo that McCray’s motion for record was timely filed and denied, we find no error. In Fleming v. State, 553 So.2d 505 (Miss. 1989), the Mississippi Supreme Court dismissed an appeal based on the trial court’s denial of a request for a free transcript. Like Fleming, McCray has failed to show that the documents sought are necessary to decide a specific issue. Id. at 507. McCray’s motion for record merely stated that he desired “a copy of his record and transcripts of all court proceedings to sustain and amend to his original petition.” An inmate is not entitled to a free transcript in a post-conviction relief setting if his post-conviction motion cannot withstand summary dismissal under Section 99-39-11(2) of the Mississippi Code Annotated. Roland v. State, 666 So.2d 747, 751 (Miss.1995). The law simply does not require the State to furnish these documents free of charge under these circumstances. Fleming, 553 So.2d at 507. We find McCray’s first issue to be without merit.
*445 II. DID THE TRIAL COURT ERR IN DENYING MCCRAYS MOTION FOR POST-CONVICTION RELIEF?
¶ 9. When reviewing a lower court’s decision to deny a motion for post-conviction relief, we will not disturb the trial court’s factual findings unless they are clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). McCray attempted to raise an involuntary guilty plea for the first time in his motion for reconsideration and now attempts to raise it again in his amended and rebuttal briefs. McCray chose not to raise it in his original motion for post-conviction relief and now is precluded from raising it before this Court. Rivers v. State, 807 So.2d 1280, 1281(¶ 5) (Miss.Ct.App.2002).
¶ 10. Also, as noted above, McCray has abandoned on appeal every claim in his original motion for post-conviction relief with the exception of his ineffective assistance of counsel claim. Specifically, McCray claims that his counsel “failed to investigate,” “failed to present substantial mitigating evidence to the sentencing [c]ourt,” and “coerced [McCray] into entering a plea of guilty.”
¶ 11. In order to defeat summary dismissal of the ineffective assistance of counsel claim under Mississippi Code Annotated Section 99-39-11(2), the allegation must be alleged with specificity. Ford v. State, 708 So.2d 73, 75(¶ 8) (Miss.1998). In other words, McCray must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and McCray must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different. Smith v. State, 434 So.2d 212, 219 (Miss.1983). However, McCray has not alleged with any degree of specificity what constituted the mitigating evidence or the manner in which his counsel coerced him. Such naked allegations do not supply the “specificity and detail” required to establish a prima facie showing. Ford, 708 So.2d at (¶ 8).
¶ 12. McCray argues that he could not supply the requisite specificity and detail because he did not have a transcript of his guilty plea hearing. However, McCray’s argument on appeal regarding his counsel’s performance deals with the allegation that his counsel failed to investigate the fact that no murder occurred in this case. This alleged failure would not have been manifested at the plea hearing. Moreover, McCray has not demonstrated the requisite need to entitle him to a free copy of his transcript. Finally, McCray’s allegations of ineffective assistance of counsel are contradicted by the record. As a result, we find McCray’s final issue to be without merit.
¶ 13. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.