GRIFFIS, J„
 

 for the Court.
 

 ¶ 1. Mac Kenzie Willis appeals the denial of his motion for post-conviction collateral <- relief. He claims that: (1) his guilty pleas were not knowingly and voluntarily entered, and (2) he received ineffective assistance from his attorney who represented him at his guilty plea hearing. We find no error and affirm.
 

 
 *1164
 
 FACTS
 

 ¶ 2. Willis was indicted for Count I, touching a child for lustful purposes, pursuant to Mississippi Code Annotated section 97-5-23 (Rev.2006), and Count II, statutory rape, pursuant to Mississippi Code Annotated section 97-3-65(l)(b) (Supp.2008). On January 19, 2006, he entered a guilty plea to both crimes. Willis was sentenced to serve fifteen years for Count I and twenty years for Count II with the sentences to run concurrently, all in the custody of the Mississippi Department of Corrections.
 

 ¶ 3. Willis filed his motion for post-conviction collateral relief on November 29, 2007. The circuit court denied his motion, finding that Willis’s testimony under oath during his plea hearing directly contradicted the claims made in his motion. Willis appeals the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 4. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Voluntariness of Willis’s Guilty Pleas
 

 ¶ 5. Willis argues that his guilty pleas were not knowingly and voluntarily entered because he did not understand the elements that the State would have to prove at trial. The State responds that the record is clear that Willis admitted he was guilty of both crimes.
 

 ¶ 6. A plea of guilty is binding only if it is entered voluntarily and intelligently.
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea.
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992). During Willis’s plea colloquy, Willis had difficulty understanding the legal concept of penetration. The State read the charges in the indictment, and the following exchange occurred:
 

 BY THE COURT: Mr. Willis, you’ve heard the facts the State would intend to prove at trial if this case were to go to trial. Do you agree with those facts?
 

 BY [DEFENSE COUNSEL]: Did you do what you’re charged with?
 

 (Off Record)
 

 BY THE COURT: Are you pleading guilty to these charges because you’re guilty?
 

 BY THE DEFENDANT: Yes, sir.
 

 BY THE COURT: And you agree with the facts the district attorney’s [sic] just told the Court. Is that correct?
 

 BY THE DEFENDANT: Yes, sir.
 

 BY THE COURT: The Court finds the plea—
 

 BY [DEFENSE COUNSEL]: Judge, his concern was that he’s saying that he did not have — penetrate her body, but as I understand the facts, he did use some kind of — rubbed her vagina with some kind of—
 

 BY THE DEFENDANT: Lubrication.
 

 BY [DEFENSE COUNSEL]: Lubrication. And I explained to him that that alone would be the penetration part of it — of the act itself by touching her vagina.
 

 BY [THE STATE]: Your Honor, my recollection is that the Defendant has admitted that he used this lubrication
 
 *1165
 
 on his penis and rubbed his penis into her vagina. And that’s the basis— that’s the allegation that we’re setting forth in the indictment.
 

 BY THE COURT: Is that correct?
 

 BY THE DEFENDANT: Yes, sir.
 

 ¶ 7. The circuit court then found that the pleas were knowingly and voluntarily made. Willis now claims that he misunderstood what the State had to prove; however, the record is clear that Willis not only knew what the State was prepared to prove, but he admitted that he did, in fact, commit the alleged acts. We agree with the circuit court’s finding that Willis’s claim is wholly refuted by the evidence in the record. Accordingly, this issue has no merit.
 

 2. Factual Basis of Willis’s Guilty Pleas
 

 ¶ 8. Willis further claims that the factual bases of his pleas are constitutionally lacking. “Before the trial court may accept a plea of guilty, the court must determine that ... there is a factual basis for the plea.” URCCC 8.04(A)(3). We look to the entire record to determine if such a factual basis exists.
 
 Drake v. State,
 
 823 So.2d 593, 594(¶ 5) (Miss.Ct.App.2002) (citing
 
 Corley v. State,
 
 585 So.2d 765, 767-68 (Miss.1991)). The mere fact that the factual basis does not provide all the details which may be produced at trial does not render the guilty plea fatal.
 
 Id.
 
 This Court has held that, “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.”
 
 Id.
 
 at (¶ 6) (quoting
 
 U.S. v. Hinojosa-Lopez,
 
 130 F.3d 691, 695 (5th Cir.1997) (overruled on other grounds)).
 

 ¶ 9. In Count I, the indictment alleged that Willis, a male over the age of eighteen, “did wilfully, unlawfully, and felo-niously, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, handle, touch or rub with his finger, penis or other parts of his body the body of ... a female child under the age of sixteen (16) years, by rubbing or touching her private or other parts of her body....” In Count II, the indictment stated that Willis, a person seventeen years old or older, “did wilfully, unlawfully and feloniously have sexual intercourse with ... a child under fourteen (14) years of age and who was twenty-four (24) or more months younger than” Willis.
 

 ¶ 10. Further, Willis admitted to the circuit court that he rubbed his penis into the victim’s vagina. We find that there was a sufficient factual basis to support his guilty pleas for touching a child for lustful purposes and statutory rape. Thus, this issue has no merit.
 

 S. Ineffective Assistance of Counsel
 

 ¶ 11. Willis also contends that his counsel was ineffective due to counsel’s failure to fully advise Willis of every element of the crimes charged. Specifically, he states that his counsel “never fully advised him that he [did not] have to fully penetrate the [victim’s] vagina in order to constitute the charge of rape.” In response, the State argues that there is nothing in the record to support this allegation.
 

 ¶ 12. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689,
 
 *1166
 
 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 13. Willis offers only his own statements alleging deficiency on the part of his counsel. Such allegations are directly contradicted in his sworn plea petition and his statements made under oath before the circuit court. Willis agreed that his counsel advised him of the elements of both crimes, and that counsel met his expectations in all aspects of his representation. Willis then admitted that the factual bases for the charges, as presented by the State, were correct. We find that Willis failed to prove any instance of deficiency on the part of his counsel. Accordingly, this issue is without merit.
 

 U. Discovery Violation
 

 ¶ 14. Finally, Willis claims that the State and circuit court failed to comply with Rule 9.04 of the Uniform Rules of Circuit and County Court because Willis never received medical records that he claims would have proved that he did not have sexual intercourse with the victim. However, Willis made no mention of such discovery violation in his motion for post-conviction collateral relief before the circuit court.
 

 ¶ 15. As this Court has held: “If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court.”
 
 Rivers v. State,
 
 807 So.2d 1280, 1281(¶ 5) (Miss.Ct.App.2002) (citing
 
 Williams v. State,
 
 752 So.2d 477, 479(¶ 7) (Miss.Ct.App.1999)). Because Willis failed to raise this issue before the circuit court, he is prohibited from arguing it here. Therefore, this issue is procedurally barred.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.