GRIFFIS, P. J.,
for the Court:
¶ 1. Lonnie Massey appeals the denial of his motion for post-conviction collateral relief (PCCR). Massey raises four issues: (1) his guilty plea was involuntary; (2) his counsel was ineffective; (3) there is newly discovered exonerating evidence; and (4) his sentence exceeds the statutory guidelines. We find no error and affirm.
FACTS
¶ 2. On December 6, 2010, Massey pled guilty in the Madison County Circuit Court to two counts of possession of a firearm by a previously convicted felon under Mississippi Code Annotated section 97-37-5 (Supp.2012) and one count of aggravated assault under Mississippi Code Annotated section 97-3-7 (Supp.2012).
¶ 3. On March 29, 2009, the Madison County Sheriffs Department dispatched deputies to a store on Ratliff Ferry Road in Madison County. A caller had reported two men were fighting, and at least one of the men had a firearm. Upon arrival, the deputies were informed that the men had left. The deputies went to a nearby house trailer and witnessed Massey holding a .410 shotgun inside the dwelling. As a result of this encounter, Massey was indicted for possession of a firearm by a previously convicted felon. He had been convicted in Louisiana of multiple felonies.
¶4. On or about August 29, 2009, law enforcement officers responded to a call that alleged Massey had fired a .22 rifle at his neighbors, Ande Daniel and Cynthia Pacquin. They executed reports and attested that Massey had in fact fired a gun at them.
¶ 5. As a result of these separate events, Massey was charged with possession of a firearm by a previously convicted felon and two counts of aggravated assault.
¶ 6. Lisa Ross was appointed as Massey’s defense attorney during the summer of 2010. Ross recommended that Massey plead guilty to the charges. Ross filed a motion to compel discovery, but Massey believed that Ross did not diligently defend him. Massey raised his concerns with the trial court on December 6, 2010.
¶ 7. On December 6, 2010, the trial court appointed Massey a new defense attorney, Bentley Connor. Connor immediately negotiated a plea deal with the State, which he recommended to Massey. A plea hearing was conducted later that day, and Massey was sentenced consistent with the negotiated plea deal. The State agreed it would drop the charge of aggravated-assault of Pacquin, and Massey agreed to plead guilty to the remaining charges.
¶8. The trial court accepted Massey’s guilty plea. On the two counts of possession of a firearm, Massey was sentenced to serve ten years in the custody of the Mississippi Department of Corrections on each *1216 count, with the sentences to run concurrently. On the count of aggravated assault of Daniel, Massey was sentenced to serve a term of twenty years, and the court ordered that this sentence run consecutively to the other sentences. The court ordered that Massey be released after he served one day of the aggravated-assault sentence and that he be placed on five years of post-release supervision. The remainder of the sentence was suspended. Massey was sentenced to serve a total of ten years and one day in prison, followed by five years of post-release supervision.
¶ 9. Massey filed his PCCR motion on October 17, 2011. On January 3, 2012, the trial court entered its order denying the motion without a hearing. It is from this judgment that Massey now appeals.
STANDARD OF REVIEW
¶ 10. We will not reverse a trial court’s denial of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citation omitted).
ANALYSIS

I. Voluntary Guilty Plea

¶ 11. Massey argues that his guilty plea was not voluntary. He claims duress by counsel. Massey argues that his counsel coerced his. plea by threats and stated Massey would be labeled a habitual offender if he did not take the deal. Massey also asserts that he told his counsel that he had no malicious intent towards Daniel when he discharged the firearm. Massey claimed that the altercation was with another individual, Kevin Pacquin. As such, Massey believed he was innocent of the aggravated-assault charge.
¶ 12. Massey’s written plea petition states the factual basis for his guilty plea. It provides, in relevant part:
My lawyer advises me and I understand that the charge to which I am pleading guilty in cause/count number 2010-483/2 is aggravated assault. The elements of that crime are that I did willfully, unlawfully, feloniously, knowingly attempt to cause bodily injury to Ande Daniel by shooting at him with a deadly weapon a firearm.[1]
¶ 13. A guilty plea is enforceable only if entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is voluntary and intelligent when the defendant is advised of the elements of the charges against him and the consequences of a guilty plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 14. In his plea colloquy, Massey testified:
THE COURT: Do you understand that once you’ve entered your plea of guilty and it’s been accepted by this Court that you cannot withdraw that plea of guilty, nor can you appeal that plea of guilty, Mr. Massey?
DEFENDANT: Yes, sir.
THE COURT: Do you understand the nature of the charge or charges to which you are pleading guilty, Mr. Massey?
DEFENDANT: Yes, sir.
¶ 15. Great weight is placed on a defendant’s sworn testimony given at a plea hearing because “[sjolemn declara *1217 tions in open court carry a strong presumption of verity.” Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A defendant faces a “high hurdle in recanting that testimony.” Pevey v. State, 914 So.2d 1287, 1290 (¶ 8) (Miss.Ct.App.2005).
¶ 16. Massey expressly acknowledged under oath that he understood the charges against him. He was advised of the rights, challenges, and triable claims he waived upon entering a guilty plea. Massey has only offered his own unsupported allegations as evidence of duress. This evidence alone is insufficient in light of the following testimony:
THE COURT: Okay. Are you satisfied with the services, advice, counsel and assistance of your attorney and/or attorneys, if you’ve had more than one.
DEFENDANT: Yes, sir.
THE COURT: You’re an exception, Mr. Massey. I’m asking you if you’re satisfied with Mr. Connor. Are you satisfied?
DEFENDANT: Yes, sir.
THE COURT: Do you have any complaints you want to make about either of your attorneys if you’re represented by more than one?
DEFENDANT: No, sir.
(Off Record)
THE COURT: Have you been unduly influenced, pressured, intimidated, threatened, forced, coerced or promised any hope of reward to plead guilty, Mr. Massey?
DEFENDANT: No, sir.
THE COURT: Who made the decision to enter the plea of guilty in your case, Mr. Massey?
DEFENDANT: I did.
THE COURT: Are you absolutely sure, Mr. Massey?
DEFENDANT: Yes, sir. Yes, sir.
¶ 17. The law presumes that a defendant prepares the plea petition “with an appreciation of its fateful consequences.” Ward v. State, 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003). As such, Massey did not take the opportunity afforded to him to dispute the facts of the case against him and has not presented sufficient evidence to prove he was coerced by counsel into pleading guilty. Accordingly, we find no merit to this issue.

II. Ineffective Assistance of Counsel

¶ 18. Next, Massey alleges his counsel was ineffective. He argues that one of the victims, Daniel, filed a false police report. That report led to Massey’s second indictment. Massey alleges both of his attorneys neglected to effectively raise this falsity.
¶ 19. Massey’s claims fail to meet the evidentiary burden necessary to establish a claim of ineffective assistance of counsel. We have held that a guilty plea requires the defendant to “prove, by a preponderance of the evidence, that but for the ineffective assistance of counsel, he would not have pled guilty and insisted on a trial.” Townes v. State, 88 So.3d 812, 815 (¶ 7) (Miss.Ct.App.2012) (citing Pleas v. State, 766 So.2d 41, 43 (¶ 7) (Miss.Ct. App.2000)). Massey argues both attorneys, Ross and Connor, were ineffective because both of them should have conducted their own independent investigation of the evidence and interviewed witnesses.
¶20. Massey claims that a letter he sent to Ross is evidence of her ineffectiveness. He explained in the letter that a witness, Patricia Sessums, would be able to file an affidavit to support his claim that Daniel’s police report was not trustworthy. The record and briefs before us show Massey had concerns from initial contact that *1218 Ross would not work diligently on his case. As a result, Connor was promptly appointed to the case as soon as Massey raised the issue with the trial court.
¶ 21. Connor immediately met with Massey. They reviewed Massey’s case and discussed Daniel’s report. During the discussion, Massey informed Connor that he believed the report was not truthful. Massey claims in his briefs that Connor did not investigate the matter and recommended that Massey plead guilty. However, Massey conceded Connor’s actions were not sufficiently egregious as to violate the standard for ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Massey stated: “It is very true that Mr. Conner, did not violate the Strickland test, a[n] attorney has got to make se[rio]us errors in order to violate that test.”
¶ 22. The high burden set by Strickland, 466 U.S. at 668, 104 S.Ct. 2052, requires Massey to provide credible evidence that counsel actually prejudiced his case. Massey has not offered any evidence beyond his own unsubstantiated allegations. Without other evidence, these are not sufficient grounds to find counsel ineffective. See Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (in the PCCR context, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit”).
¶ 23. Further, the record reflects the State had sufficient evidence against Massey to make it a reasonable probability he would be convicted at trial. Massey was fully informed of the State’s evidence and Sessums’s potential testimony when he pled guilty. Massey swore in court, and in his written plea, that he agreed with the State’s allegations against him, he was satisfied with his counsel, and he had no complaints with either attorney’s advice. Massey’s second counsel effectively negotiated a deal with the State that eliminated one charge and reduced his prospective prison sentence by nearly fifty years.
¶ 24. Accordingly, we find no merit to this issue.

III. Newly Discovered Evidence

¶ 25. Massey alleges there is newly discovered evidence that requires his sentence to be vacated. He contends that Sessums is available to testify that Daniel’s report is false. The standard for newly discovered evidence is clear:
In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence 1) will probably change the result if a new trial is granted, 2) has been discovered since the trial, 3) could not have been discovered before the trial by the exercise of due diligence, 4) is material to the issue, and 5) is not merely cumulative, or impeaching. Moore v. State, 508 So.2d 666, 668 (Miss.1987). Mississippi case law requires that the proponent of the newly discovered evidence satisfy all of the prerequisites of the above stated rule before a reversal can be granted.
Witherspoon v. State, 767 So.2d 1065, 1067 (¶ 6) (Miss.Ct.App.2000).
¶ 26. This Court will not reverse the trial court’s denial of relief where an alleged witness has not provided any support to the factual allegations in the motion. Campbell v. State, 611 So.2d 209, 210 (Miss.1992). Massey has not provided Sessums’s affidavit. He claims he cannot obtain it because he is incarcerated. However, such a “mere allegation” is not a sufficient basis to grant an evidentiary hearing and reverse the trial court. Id.
¶ 27. This Court has held newly discovered evidence is only relevant when *1219 a defendant was convicted after a trial. Jones v. State, 915 So.2d 511, 514 (¶ 10) (Miss.Ct.App.2005). “When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.” Chancy v. State, 938 So.2d 267, 269 (¶ 9) (Miss.Ct.App.2005) (affirmed but criticized on other grounds by Chancy v. State, 938 So.2d 251, 253 (¶ 4) (Miss.2006).
¶ 28. Massey did not go to trial. He pled guilty and admitted in his written plea petition that he had shot at Daniel. Further, the testimony Sessums would have presented at trial is not newly discovered evidence. Not only could the evidence “have been discovered before the trial by the exercise of due diligence,” but Massey clearly knew about it prior to the time he pled guilty and admitted to the allegations against him. See Witherspoon, 767 So.2d at 1067 (¶ 6). Thus, her potential testimony does not meet the requirements of newly discovered evidence. As such, we find no merit to this issue.
¶ 29. Massey also contends an officer of the court falsified court documents by altering the date of his plea bargain. He lists this issue as number four in his brief. However, Massey made no mention of such alteration in his motion. We have consistently held, “If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court.” Willis v. State, 17 So.3d 1162, 1166 (¶ 15) (Miss.Ct.App.2009) (citing Rivers v. State, 807 So.2d 1280, 1281 (¶ 5) (Miss.Ct.App.2002). Because Massey failed to raise this issue before the trial court, he cannot argue it here. Therefore, this issue is procedurally barred. Despite the procedural bar, this claim does not meet the requirements of newly discovered evidence because it is not material to the charges and would not have changed the outcome of a trial. At best, it would be useful as impeachment evidence. As such, we find no merit to this issue.

TV. Sentence Does Not Exceed the Maximum Authorized by Law

¶ 30. Massey claims the circuit court imposed a sentence that exceeds the statutory guidelines for aggravated assault. Mississippi Code Annotated section 97-3-7(2)(a) states that a person who is guilty of aggravated assault “shall be punished by imprisonment in the county jail for not more than one (1) year or in the Penitentiary for not more than twenty (20) years.” Massey miscalculated his sentence for the aggravated-assault charge, under count II of the second indictment, as twenty years and one day. However, the record reflects the trial court sentenced Massey to twenty years in prison. Massey’s sentence was ordered to be suspended after he served one day of this term, and then he was to be placed on post-release supervision. Therefore, Massey was sentenced within the statutory guidelines because his sentence did not exceed twenty years. Accordingly, this issue is without merit.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Language that appears in bold was handwritten by Massey in the plea petition as a sworn statement.