FAIR, J.,
for the Court:
¶ 1. This appeal follows the Madison County Circuit Court’s dismissal of Lonnie Massey’s “Motion ... to Vacate Sentence,” which the court took as a second post-conviction relief (PCR) motion and found barred as a successive writ. We agree and affirm.
FACTS
¶ 2. Massey faced criminal charges stemming from two separate incidents in 2009. On December 6, 2010, he pled guilty to three offenses — two counts of possession of a weapon by a convicted felon and one count of aggravated assault. Massey received the sentences the prosecutor recommended pursuant to a plea agreement: ten years’ imprisonment on each possession charge, to be served concurrently to each other, and twenty years on the aggravated assault, with all but one day suspended, to be served consecutively to the other sentences.
¶ 3. Massey has previously been before this Court on an appeal from the dismissal of his first PCR motion, which challenged the same convictions and sentences. We affirmed. Massey v. State, 131 So.3d 1213 (Miss.Ct.App.2013).
*206 STANDARD OF REVIEW
¶ 4. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2018). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120,1122 (¶ 9) (Miss.1999).
¶ 5. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 6. Massey’s complaints center around the conduct of his attorney. Massey was represented for several months by court-appointed attorney Lisa Ross, but on December 6, 2010 — the day before Massey’s trial was scheduled to begin — Massey urged the circuit court to replace her. His new attorney, Bentley Connor, negotiated a plea agreement that same day. In his first PCR motion, Massey contended his guilty plea was involuntary because Con-nor had coerced him into accepting it and Connor had failed to investigate Massey’s defenses. Massey’s claims were found to be contradicted by his own sworn statements and without merit. See Massey, 131 So.3d at 1216-18 (¶¶ 11-24). We concluded:
Massey was fully informed of the State’s evidence and Sessums’s potential testimony when he pled guilty. Massey swore in court, and in his written plea, that he agreed with the State’s allegations against him, he was satisfied with his counsel, and he had no complaints with either attorney’s advice. Massey’s second counsel effectively negotiated a deal with the State that eliminated one charge and reduced his prospective prison sentence by nearly fifty years.
Id. at 1218 (¶ 23).
¶ 7. Massey’s second PCR motion, the one that is the subject of this appeal, largely retreads the same ground. He contends his attorney and the circuit clerk engaged in a “conspiracy” to backdate Massey’s petition to enter a guilty plea. The petition is dated and notarized November 6, 2013, which Massey claims was intended to cover up his attorney’s failure to investigate his case.
¶ 8. We note that the same claim was made in Massey’s first PCR appeal. This Court found it procedurally barred, and, in the alternative, without merit:
Massey also contends an officer of the court falsified court documents by altering the date of his plea bargain. He lists this issue as number four in his brief. However, Massey made no mention of such alteration in his motion. We have consistently held, “If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court.” Willis v. State, 17 So.3d 1162, 1166 (¶ 15) (Miss.Ct.App.2009) (citing Rivers v. State, 807 So.2d 1280, 1281 (¶ 5) (Miss.Ct.App.2002)). Because Massey failed to raise this issue before the trial court, he cannot argue it here. Therefore, this issue is procedurally barred.
Massey, 131 So.3d at 1219 (¶ 29).
¶ 9. A second PCR motion is ordinarily barred as a successive writ. See *207 Miss.Code Ann. § 99-89-23(6) (Supp.2013). There are certain exceptions outlined in the statute, such as intervening decisions of the Supreme Court of Mississippi or the United States, newly discovered evidence, claims that the sentence has expired or probation or parole unlawfully revoked, and certain DNA-related claims. Massey bears the burden of showing one of these exceptions applies. Jackson v. State, 860 So.2d 653, 661 (¶ 16) (Miss.2003). He has not even attempted to do so.
¶ 10. Moreover, this specific claim could have been asserted in the first PCR motion, and is therefore barred by ordinary principles of res judicata, which bar “all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.” Estate of Anderson v. Deposit Guar. Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996). Furthermore, the claim was actually decided on the merits, in the alternative, in our prior opinion: “Despite the procedural bar, this claim does not meet the requirements of newly discovered evidence because it is not material to the charges and would not have changed the outcome of a trial. At best, it would be useful as impeachment evidence. As such, we find no merit to this issue.” Massey, 131 So.3d at 1219(¶29).
¶ 11. We find the claims Massey has raised in this second PCR motion barred as a successive writ, barred by res judica-ta, and, in the alternative, without merit for the reasons articulated in our prior opinion.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ.,
CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.