# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01374-COA

**JAMES KENARD PARISH A/K/A JAMES KINARD PARISH A/K/A JAMES KINARD PARICH A/K/A JAMES KINE PARISH**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES KENARD PARISH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 11/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., JAMES AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     James Kenard Parish pleaded guilty to possession of cocaine with intent to sell.  He now appeals the Harrison Country Circuit Court's denial of his motion for post-conviction collateral relief (PCCR).  This Court finds no error and affirms.

## FACTS AND PROCEDURAL HISTORY

¶2.     Following Parish's indictment on July 16, 2007, for possession of cocaine with the intent to sell, Parish entered a negotiated plea of guilty on December 3, 2007, to possession

of a controlled substance with intent. Because Parish had previously been convicted of ten felony crimes prior to the instant case, including a drug-related felony on June 25, 1992, the State sought to sentence Parish as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶3. Rejecting the negotiated plea deal, the trial court sentenced Parish to serve twenty years as a habitual offender in the custody of the Mississippi Department of Corrections. On December 22, 2014, seven years after his voluntary plea of guilty, Parish filed a motion for PCCR. He complained his plea was involuntary because he was the victim of a breached plea-bargain agreement and he received ineffective assistance of counsel.

¶4. On August 18, 2015, the trial court found Parish's motion was time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014). Parish filed a timely notice of appeal of this decision on September 11, 2015. On December 8, 2015, the circuit court entered a second order upholding the time-bar despite the absence of a plea colloquy in the record. Parish now appeals.

¶5. Parish asserts the same arguments on appeal as in his PCCR motion along with a few others: (1) he involuntarily entered into a guilty plea; (2) his indictment was defective; (3) he was convicted with insufficient evidence; (4) he received ineffective assistance of counsel; and (5) his sentence was illegal.

STANDARD OF REVIEW

¶6. This Court will not overturn a trial court's denial of a PCCR motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6)

2

(Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

ANALYSIS

¶7. The trial court denied Parish's PCCR motion as time-barred under the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶8. Parish entered a negotiated guilty plea and was sentenced on December 3, 2007. This gave Parish until December 3, 2010, to file a PCCR motion. Parish submitted his motion on December 22, 2014, four years past the three-year statutory limitation. Based on this limitation, Parish's motion was untimely.

¶9. Despite the time limitation, section 99-39-5 does list several exceptions to the three-year time-bar:

> To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. However, the movant carries the burden or proving that one of the exceptions appl[ies].

*Graham v. State*, 151 So. 3d 242, 245 (¶6) (Miss. Ct. App. 2014) (citation omitted).

¶10. Parish failed to argue that either an intervening decision or the discovery of new

3

evidence supported his motion. The majority of Parish's arguments in his PCCR motion and on appeal rest on his claims of ineffective assistance of counsel and the allegedly involuntary guilty plea. Therefore, no exception applies.

¶11. However, in addition to the exceptions listed in section 99-39-5, "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). These errors include "instances where an attorney's performance is so deficient and prejudicial to a defendant, that it is deemed to be violative of the defendant's fundamental constitutional rights." *Thomas v. State*, 933 So. 2d 995, 997 (¶4) (Miss. Ct. App. 2006) (citing *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996)).

¶12. Further, "the Mississippi Supreme Court has held that there is a fundamental right to be free from an illegal sentence, and a claim implicating a fundamental right may be excepted from the time-bar." *Moore v. State*, 152 So. 3d 1208, 1210 (¶10) (Miss. Ct. App. 2014) (citing *Sneed v. State*, 722 So. 2d 1255, 1257 (¶11) (Miss. 1998)). Therefore, we must determine if any of Parish's claims result in the deprivation of a fundamental constitutional right that would defeat the time-bar.

> I. *Whether Parish's guilty plea was entered voluntarily, knowingly, and intelligently.*

¶13. Parish contends that his guilty plea was involuntary because of a breach by the State of a negotiated plea deal and erroneous advice from his counsel. Parish now maintains that since there is no available plea colloquy in the record, this Court is not able to hold his guilty plea against him because we cannot presume that it was knowing and voluntary.

4

¶14. Although there is no record of a formal plea colloquy in the record, that fact alone is not enough to establish reversible error. "The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence." *Walton v. State*, 16 So. 3d 66, 70 (¶8) (Miss. Ct. App. 2009) (quoting *House v. State*, 754 So. 2d 1147, 1152 (¶24) (Miss. 1999)). A plea is considered "voluntary and intelligent" when the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea *may* bring. *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992). "To determine whether the plea is voluntarily, knowingly, and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Carroll v. State*, 963 So. 2d 44, 46 (¶8) (Miss. Ct. App. 2007) (quoting *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009)).

¶15. Parish did not make any claim that the plea colloquy contained information that would render his plea involuntary. Further, the record indicates that Parish not only knowingly entered his guilty plea upon his own free will when he signed the petition to enter a guilty plea, but he also understood the consequences that such a plea would compel. He signed, with his attorney present, the guilty-plea petition, which stated in part:

> I know also that the sentence is up to the Court; that the Court is not required to carry out any understanding made by me and my attorney with the District Attorney; and further, that the Court is not required to follow the recommendation of the District Attorney, if any.

Also, in the December 3, 2007 sentencing order, the trial court reflected that a plea colloquy occurred and indicated that Parish entered a voluntary plea. Therefore, Parish cannot now

5

claim that he unknowingly or involuntarily pleaded guilty based on the sentencing agreement. We find this issue is without merit.

> II.     Whether Parish's indictment was defective and if there was sufficient
>         evidence to support his indictment.

¶16.    Parish contends that his indictment was defective because it failed to identify any specific person to whom he intended to transfer or distribute the cocaine. Parish next argues that the evidence failed to establish his intent to distribute the drugs. As such, Parish asserts that because the indictment lacked this crucial information, the evidence was insufficient to support his conviction.

¶17.    "[T]he law is settled that[,] with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011) (quoting *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). However, "[a] guilty plea does not waive an indictment's failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction . . . ." *Id.* As previously discussed, Parish entered a valid guilty plea, and Parish does not allege nor do we find a lack of subject-matter jurisdiction. Therefore, we must determine if the identity of the recipient of the drugs or Parish's intent constitutes an essential element of the crime.

¶18.    Mississippi Code Annotated section 41-29-139(a)(1) (Rev. 2009) dictates that "it is unlawful for any person knowingly or intentionally: To sell, barter, transfer, manufacture, distribute, dispense[,] or possess with intent to sell, barter, transfer, manufacture, distribute[,] or dispense, a controlled substance[.]" But "the supreme court has held that 'the identity of

6

the person to whom drugs are sold does not change the essence of the offense, since such identity is not an element of the offense.'" *Garrett v. State*, 110 So. 3d 790, 793 (¶11) (Miss. Ct. App. 2012) (quoting *Jones v. State*, 912 So. 2d 973, 976 (¶10) (Miss. 2005)). Therefore, the recipient's identity is not an essential element of the crime and does not render the indictment defective.

¶19. Next, Parish argues the State did not proffer evidence substantiating his intent to sell or distribute the cocaine. Intent may be established by inference from circumstantial evidence. Ultimately, "there must be enough [evidence] that the court may say with confidence the prosecution could prove the accused guilty of the crime charged." *Burrough,* 9 So. 3d at 373 (¶14) (citation omitted).

¶20. Parish, however, failed to raise this issue before the trial court in his initial PCCR motion. "If a prisoner fails to raise all of his claims in his original [motion] for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court." *Massey v. State*, 131 So. 3d 1213, 1219 (¶29) (Miss. Ct. App. 2013) (quoting *Willis v. State*, 17 So. 3d 1162, 1166 (¶15) (Miss. Ct. App. 2009)). Accordingly, we cannot consider this issue on appeal. This issue is without merit.

III. *Whether Parish received ineffective assistance of counsel.*

¶21. Parish contends he received ineffective assistance of counsel when he relied on counsel's promise made in the plea deal for a ten-year sentence. Parish claims that but for his counsel's promise, he would have gone to trial and not settled for a twenty-year sentence.

¶22. "The Mississippi Supreme Court has consistently held that the UPCCRA's procedural

7

bars 'apply to post-conviction relief claims based on ineffective assistance of counsel.'" *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (quoting *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009)). Therefore, this claim is barred. Regardless, we address the merits.

¶23. "An ineffective-assistance claim requires showing: (1) counsel's performance was deficient and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Pursuant to *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶24. "To overcome this presumption, the [petitioner] must show that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted). However, because Parish pleaded guilty, to prove the second prong, he must show "that but for his counsel's error(s): he would not have pleaded guilty; he would have instead insisted on going to trial; and the ultimate outcome would have been different." *Mitchell v. State*, 58 So. 3d 59, 62 (¶15) (Miss. Ct. App. 2011) (citing *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006)).

¶25. "In order to prevail on the issue of whether his defense counsel's performance was ineffective, [the petitioner] must prove that his counsel's performance was deficient and that he was prejudiced by counsel's mistakes." *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App. 1999) (citing *Strickland*, 466 U.S. at 687-96). Parish failed to offer any evidence of ineffective assistance of counsel other than his own affidavit. The supreme court

has held that, in cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995).

¶26. We find that Parish failed to prove any instance of deficiency on the part of his counsel. Furthermore, Parish failed to show with reasonable probability that, but for his counsel's unprofessional errors, the result of this proceeding would have been different. Accordingly, this issue is without merit

IV. *Whether Parish received an illegal sentence.*

¶27. Parish also contests his twenty-year sentence on the grounds that it is violative of his due-process rights and the sentence is illegal as a matter of law. He contends that he was led to believe that he would receive a ten-year sentence in exchange for his guilty plea. Despite the agreement, the trial court sentenced Parish to twenty years.

¶28. Ordinarily, a trial judge is not bound by the terms of a plea agreement when the trial judge does not participate in the plea-bargaining process, and the defendant is informed that the plea agreement is merely a recommendation. *Martin v. State*, 635 So. 2d 1352, 1355-56 (Miss. 1994). The trial judge's decision to accept or reject a plea is within the exercise of sound judicial discretion. Miss. Code Ann. § 99-15-53 (Rev. 2015); *Moody v. State*, 716 So. 2d 592, 594 (¶9) (Miss. 1998); *Martin*, 635 So. 2d at 1355. As such, the circuit court did not abuse its discretion.

¶29. Because of Parish's extensive record of past felonies, he was sentenced as a habitual offender. Mississippi Code Annotated section 99-19-81 states:

9

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶30.    At the time of Parish's offense, possession of a controlled substance with intent to distribute carried a maximum sentence of thirty years in prison. Miss. Code Ann. § 41-29-139(b) (Rev. 2009). Therefore, while Parish received more than he expected, his sentence did not exceed the maximum penalty allowed by the statute. Thus, we find this issue is without merit.

¶31.    We find that Parish's PCCR motion is time-barred. Further, he failed to raise any claims resulting in the deprivation of his fundamental constitutional rights that would defeat the time-bar. For these reasons, we affirm the circuit court's judgment.

¶32.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

10