# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00448-COA

DARRELL GREEN                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                  APPELLEE

DATE OF JUDGMENT:            03/13/2023
TRIAL JUDGE:                 HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:   WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      DARRELL GREEN (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY:  ALLISON ELIZABETH HORNE
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 03/19/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Darrell Green, appearing pro se, appeals from the Warren County Circuit Court's order dismissing his motion for post-conviction collateral relief (PCR).  After reviewing the record, we find no error and affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     Green pled guilty in the Warren County Circuit Court to second-degree murder and possession of a firearm by a felon.  On January 13, 2020, he was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC) for the second-degree murder conviction, with five years suspended, twenty-five years to serve, and five years of post-release supervision.  He was also sentenced to ten years in custody for the firearm

possession conviction, with five years suspended, five years to serve, and five years of post-release supervision. The circuit court ordered that his sentences run consecutively.

¶3. In March 2021, Green filed his first PCR motion, which the court denied that same month. No other details regarding his first PCR motion were provided in the record. On November 14, 2022, he filed a second PCR motion, alleging that he received ineffective assistance of counsel that resulted in his guilty plea being involuntary. On March 13, 2023, the circuit court entered an order dismissing Green's second PCR motion as successive. The circuit court also found that Green failed to submit any evidence to substantiate his ineffective assistance of counsel claim.

¶4. Although Green filed his notice of appeal on April 17, 2023, his appeal was not perfected until July 31, 2023.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)). "The petitioner bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Williamson v. State*, 269 So. 3d 421, 424 (¶16) (Miss. Ct. App. 2018) (citing *Shavers v. State*, 215 So. 3d 502, 505 (¶7) (Miss. Ct. App. 2016)).

## DISCUSSION

¶6. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides

2

"an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2020). Under the UPCCRA, "any order dismissing the petitioner's motion or otherwise denying relief . . . shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). "Mississippi statutory law grants each movant 'one bite at the apple when requesting post-conviction relief.'" *Thomas v. State*, 355 So. 3d 287, 298 (¶25) (Miss. Ct. App. 2023) (quoting *Hayes v. State*, 282 So. 3d 1185, 1187 (¶8) (Miss. Ct. App. 2019)).

¶7. Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) provides statutory exceptions to the successive-motions bar; however, Green fails to demonstrate that any of those exceptions apply here. Instead, he asserts that his guilty plea was involuntary because he received infective assistance of counsel when his attorney provided him with erroneous information and advice regarding his sentencing for second-degree murder.[1] Specifically, Green claims that his attorney told him that if he pled guilty to second-degree murder, he would only have to serve one-half of the sentence imposed by the court. We find that these claims are more in line with the judicially crafted "fundamental rights exception." *See Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023). "However, our Supreme Court overturned precedent that 'the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the

---

[1] Green raises several other claims in his brief regarding his attorney's deficiency throughout his case; however, he failed to include them in his original PCR motion. "If a prisoner fails to raise all of his claims in his original [motion] for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court." *Massey v. State*, 131 So. 3d 1213, 1219 (¶29) (Miss. Ct. App. 2013) (quoting *Willis v. State*, 17 So. 3d 1162, 1166 (¶15) (Miss. Ct. App. 2009)).

Legislature . . . for post-conviction relief.'" *Harvey v. State*, 373 So. 3d 593, 595 (¶5) (Miss. Ct. App. 2023) (quoting *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023)). Accordingly, we must conclude that Green's claims cannot survive the UPCCRA's successive-motions bar.

¶8.     Notwithstanding the statutory bar, Green's argument still fails because he did not provide sufficient evidence to support his claims.  When asserting a claim of ineffective assistance of counsel, a defendant "must show that his attorney's performance was deficient and that it resulted in prejudice." *Brooks v. State*, 208 So. 3d 14, 18 (¶10) (Miss. Ct. App. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶14) (Miss. Ct. App. 2015).  "Thus, to obtain post-conviction relief, a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the petitioner would not have entered the plea." *Worth v. State*, 223 So. 3d 844, 849 (¶17) (Miss. Ct. App. 2017). "[C]laims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than [the defendant's]." *Varnado v. State*, 362 So. 3d 127, 137 (¶29) (Miss. Ct. App. 2023) (quoting *Kennedy v. State*, 287 So. 3d 258, 265 (¶22) (Miss. Ct. App. 2019)).  Not only did Green fail to include supporting affidavits from others, but he also failed to provide his own affidavit to substantiate his ineffective assistance of counsel claim.  Accordingly, we find no error in the circuit court's dismissal of Green's

motion.

¶9. **AFFIRMED.**

     **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. McCARTY AND EMFINGER, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**